UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No._____–Civ–_____/_____

VERNON C. SMITH, individually, and
VERNON EUGENE SMITH, as Executor
of the ESTATE OF LINDA L. SMITH,
deceased,

        Plaintiffs,

vs.

NCL (BAHAMAS) LTD., A BERMUDA
COMPANY, NCL AMERICA LLC d/b/a NCL
AMERICA and AKUA LLC d/b/a MAUI
REEF ADVENTURES,

        Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, VERNON C. SMITH, individually, and VERNON EUGENE SMITH, as Executor of the ESTATE OF LINDA L. SMITH, deceased, sue Defendant, NCL (BAHAMAS) LTD., A BERMUDA COMPANY, NCL AMERICA LLC d/b/a NCL AMERICA and AKUA LLC d/b/a MAUI REEF ADVENTURES, and allege:

## JURISDICTION AND VENUE

1.     This case falls within the Court's diversity-of-citizenship jurisdiction and complete diversity exists.

2.     The Plaintiff, VERNON C. SMITH, is a citizen of Pennsylvania and the widow of Linda L. Smith, decedent.

1

3.      The decedent, LINDA L. SMITH, was a citizen of Pennsylvania at the time of death.

4.      An ESTATE FOR LINDA L. SMITH has been opened in Fayette County, Pennsylvania, in which her son, VERNON EUGENE SMITH has been appointed Executor.

5.      Defendant, NCL (BAHAMAS) LTD., is a corporation incorporated under the laws of Bermuda, and the Defendant's principal place of business is in Miami-Dade County Florida.

6.      Defendant, NCL AMERICA, LLC, is a limited liability company under the laws of Delaware, and the Defendant's principal place of business is in Miami-Dade County Florida.

7.      Defendant, NCL (BAHAMAS) LTD., and Defendant, NCL AMERICA, LLC, are collectively referred to as "Defendant NCL."

8.      Defendant, AKUA LLC d/b/a MAUI REEF ADVENTURES, is a limited liability company under the laws of Hawaii, with its principal place of business in Hawaii, and doing business as Maui Reef Adventures.

9.      The amount in controversy, without interest and costs, exceeds $75,000.

10.     The Defendant, NCL is a common carrier engaged in business of marketing, advertising, selling and operating a cruise line and for the provision and sale of shore excursions out of various ports within the continental United States, including Miami, Florida and the world, including, the Hawaii Islands.   The Defendant derives substantial revenues from cruises originating and terminating in various ports in the United States, including Honolulu, Hawaii, as well as from the sale of shore excursions, which it aggressively advertises, markets, and sells as part of the cruise experience to its customers.

11.     The Defendant NCL was the operator, owner, owner pro hac vice/or charterer, of the PRIDE OF AMERICA, providing to the public and to the Plaintiff, Linda L. Smith, decedent,

in particular, for compensation, vacation cruises aboard passenger cruise ships, including PRIDE OF AMERICA.

12.    The Defendant, AKUA LLC owned and/or operated the MAUI REEF ADVENTURES in Maui Hawaii, including the equipment and employees related to and necessary for the operation of the excursion Molokini Zodiac Turtle Snorkel.

13.    The Defendant, AKUA LLC d/b/a MAUI REEF ADVENTURES, personally or through its agents or representatives, was doing substantial and non-isolated business in the State of Florida, including the conducting of an ongoing business relationship with Defendant, NCL headquartered in Miami for marketing and selling of recreational shore excursions, including the Molokini Zodiac Turtle Snorkel.

14.    The Defendant, AKUA LLC d/b/a MAUI REEF ADVENTURES, marketed its shore excursions directly through its Florida marketing representative and/or partner and/or co-owner, the Defendant, NCL which promoted these shore excursions in its literature, on its website, and on board its cruise ships for sale to passengers in its ships.

15.    Upon information and belief, the Defendant, AKUA LLC d/b/a MAUI REEF ADVENTURES, entered into a series of agreements and/or relationship with the Defendant, NCL with the intent of providing protection for NCL's passengers, including the deceased, Linda L. Smith, whereby the Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES, agreed to subject itself to the laws and jurisdiction of the State of Florida, consented to personal jurisdiction over itself and consented to venue of the federal court of the Southern District of Florida.   AKUA LLC d/b/a MAUI REEF ADVENTURES, is believed to have also agreed to indemnify Defendant, NCL for the claims made in this Complaint within the meaning of Florida Statute §48.193. Furthermore, the Defendant, AKUA LLC d/b/a MAUI REEF ADVENTURES is subject to the

3

jurisdiction of this Court because it sold and marketed tickets for the Molokini Zodiac Turtle Snorkel excursion through NCL's website which is administered in Florida.

16.     All conditions precedent for filing and maintaining this action have been fulfilled, performed or waived.

## GENERAL ALLEGATIONS

17.     On or about October 27, 2018, Plaintiff, VERNON C. SMITH, and his wife, LINDA L. SMITH, deceased, boarded the *Pride of America* for a Hawaii Cruise departing Honolulu, Hawaii.

18.     At all material times, the Plaintiff, VERNON C. SMITH, and his wife, LINDA L. SMITH, deceased were paying passengers on the *Pride of America*.

19.     At all material times, the Defendant NCL was and is engaged in the business of providing cruise vacation experiences to the public.  The Defendant NCL organizes, promotes, advertises, vouches for, and directly sells the shore excursions provided by employees, agents, servants and/or representatives of the Defendant NCL.   Defendant NCL solicits, screens, selects, appointees, contracts with and partners with the various excursion providers, including the Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES.   The excursions become a part of the that particular cruise and are described, marketed and advertised in the literature published by NCL and provided directly to the Plaintiffs.

20.     The Defendant NCL profits directly from the sale of the shore excursions, taking and keeping a portion of the shore excursions revenue.   The revenue from these excursions forms a significant port of the overall revenue generated by the Defendant NCL and is an integral portion of its business plan and model.

21.     At all material times, the Defendant NCL hired and/or utilized its employees,

agents, representatives, crewmembers, and/or other agents to promote, market, coordinate, explain and directly sell excursions provided by the Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES.

22.     As part of its promotion of this significant portion of its business, the Defendant NCL maintains a department in its headquarters in Miami devoted to developing, promoting, marketing, coordinating, explaining, selling, overseeing, supervising, auditing, tracking and monitoring these excursions, including Molokini Zodiac Turtle Snorkel excursion.

23.     In addition, the Defendant NCL also maintains a department and/or a specified group of employees and crew members on each of its ships, including the *Pride of America* and to promote, market, coordinate, explain, and sell these excursions, as well as to assist in the various tour operations, including the Molokini Zodiac Turtle Snorkel excursion.

24.     At all times material, the Defendant NCL derived substantial income from promoting, marketing, coordinating, directly selling and vouching for excursions provided by the Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES.

25.     The Defendant NCL in an effort to persuade and convince its passengers to purchase its excursions, makes representations in its literature, advertisements, promotional materials and onboard about the safety and security of the excursions which NCL describes as our "shore excursions" representing that the excursions are safe and operated with reliable and insured tour operators.

26.     As part of its efforts to persuade its passengers to purchase and partake in these excursions, the Defendant NCL represents to its passengers, including Plaintiff, VERNON C. SMITH, and his wife, LINDA L. SMITH, deceased that they "work with reputable tour operators" which will provide "peace of mind knowing your tours are run by insured operators".   Thereby as

part of its efforts to persuade passengers to purchase and partake in excursions, including the Molokini Zodiac Turtle Snorkel excursion, the Defendant NCL represents that it sets safety standards for tour operators, such as the Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES, to comply with in carrying out the excursions it promotes and sells to its passengers.

27.    The Defendant NCL made these representations, that they "work with reputable tour operators" which will provide "peace of mind knowing your tours are run by insured operators" with the purpose and intent passengers rely upon them.

28.    On or about October 29, 2018, the *Pride of America* docked in Kahului (Maui) Hawaii.   While the ship was docked the Plaintiff, VERNON C. SMITH, and his wife, LINDA L. SMITH, deceased, participated in the Molokini Zodiac Turtle Snorkel excursion upon NCL's above-described representations.

29.    Once the ship, *Pride of America,* docked in Kahului (Maui) Hawaii, the Plaintiff, VERNON C. SMITH, and his wife, LINDA L. SMITH, deceased, met on the pier next to the ship as instructed by NCL, then were directed to a shuttle bus by the NCL representative on the pier, this bus then transported them to a dock where Molokini Zodiac Turtle Snorkel excursion staff member met them.

30.    The Plaintiff, VERNON C. SMITH, and his wife, LINDA L. SMITH, deceased, were eventually instructed to board a boat named Ocean Freedom which was to transport them to the Molokini Crater for their Molokini Zodiac Turtle Snorkel excursion.

31.    While approaching the Molokini Crater the "Captain" was "waived off" and stopped as it "too crowded at the crater". The Captain, turned the boat around, and indicating there was a tie off a little further away, approximately 1/4 mile from the crater where they could

6

snorkel.  The Captain proceeded away from the crater further into the ocean where the current was much stronger and tied off onto a ball with an eye, to which the crew member had to dive down into the water to tie off to.

32.     At all times, the Plaintiff, VERNON C. SMITH, and his wife, LINDA L. SMITH, relied upon the expertise of the Defendant, AKUA LLC d/b/a MAUI REEF ADVENTURES and their employees, as to the location for the Molokini Zodiac Turtle Snorkel excursion, the safety of the water conditions and currents, as well as the training in the appropriate use of the floatation device and mask, snorkel, fins.

33.     At all times, the Plaintiff, VERNON C. SMITH, and his wife, LINDA L. SMITH, relied upon and believed they would be snorkeling in Molokini crater and not further in the ocean outside of the cove in an area with much stronger currents.

34.     Once the Ocean Freedom was tied off further away from the Molokini Crater into the ocean, the passengers were advised they could pick their flotation devices to include noodles and other floating devices that snap around the waist to which, Linda Smith, deceased, chose the one that snapped around your waist.   The crew and captain did not give instructions nor did they check Plaintiff, VERNON C. SMITH, and his wife, LINDA L. SMITH, floating device were correctly on and the Captain just "stood there" while the passengers jumped into the water.

35.     Plaintiff, VERNON C. SMITH, and his wife, LINDA L. SMITH, after snorkeling for approximately 15 minutes or more, Plaintiff VERNON C. SMITH asked his wife,   LINDA L. SMITH, if they could return to the boat before he got too tired, to which she agreed and headed back to the boat.   While Plaintiff, VERNON C. SMITH was removing his fins he suddenly saw someone leaving the boat to rescue someone in the water, not realizing it was his wife, LINDA L. SMITH, who was unresponsive and face down at the southeast end of Molokini.

7

36.     Although once on board CPR was initiated, LINDA L. SMITH, was pronounced deceased at the Kihei Boat ramp

37.     At all times, the Plaintiff, VERNON C. SMITH, and his wife, LINDA L. SMITH, relied upon the expertise of the Defendants and their employees to determine the weather and water current conditions were safe and appropriate to undertake the excursion, as well as their direction and instruction as how to use and wear the snorkel, fins and floatation device in the appropriate manner.

## COUNT I
## NEGLIGENCE AGAINST NCL

38.     The Plaintiffs realleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 37 above as though originally stated herein and further states:

39.     Defendant NCL owed a duty of reasonable care under the circumstances for the health, welfare and safety of its passengers and to warn of dangers known to NCL in places where its passengers, including the Plaintiff,   VERNON C. SMITH, and his wife, LINDA L. SMITH, deceased, were invited to, or may reasonably be expected to visit.   *Witover v. Celebrity, Inc.,* 2016 WL 661065, *3 (S.D.Fla. 2016); *Lapidus v. NCL America LLC*, 924 F.Supp.2nd 1352 (S.D.Fla.2013).

40.     On or about October 29, 2018, the Defendant NCL and/or its agents, servants, joint ventures, partners, and/or employees breached its duty to act with reasonable care for the safety of Plaintiff,   VERNON C. SMITH, and his wife, LINDA L. SMITH, deceased, under the circumstances, and was negligent and careless by committing one or more of the following acts and/or omissions including, but not limited to:

   a.     Failure to exercise reasonable care under the circumstances for Plaintiffs' safety during participation in the Molokini Zodiac Turtle Snorkel excursion;

8

b.    Failure to adequately warn Plaintiffs of the dangers of participating in the subject Molokini Zodiac Turtle Snorkel excursion;

c.    Failure to warn the Plaintiff of AKUA LLC d/b/a MAUI REEF ADVENTURES' inability to ensure the safety of passengers during the subject Molokini Zodiac Turtle Snorkel excursion;

d.    Failure to  monitor, oversee, and supervise the subject Molokini Zodiac Turtle Snorkel excursion to ensure its safe and non0-negligent conduct/operation;

e.    Failure to promulgate and/or enforce adequate policies and procedures for passengers, including the Plaintiffs, to be provided safety instructions in the proper use of equipment to include the floatation devices, mask, snorkel, and fins.

f.    Failure to take steps as a result of prior similar incidents to reduce and/or prevent the type of accident the Plaintiff suffered from happening.

g.    Failure to warn passengers such as Linda Smith that the personnel of AKUA LLC d/b/a MAUI REEF ADVENTURES had the authority to move the excursion headed to Molokini Crater and relocate it to a more dangerous location with more dangerous ocean currents.

41.    Defendant NCL created the foregoing conditions causing the Plaintiff's accident. Alternatively, Defendant NCL knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

42.    The conditions created and/or known to Defendant NCL occurred with sufficient regularity so as to be reasonably foreseeable to Defendant NCL.

43.     In addition, at all times material, Defendant NCL owed the Plaintiffs a duty of reasonable care in the selection and retention of AKUA LLC d/b/a MAUI REEF ADVENTURES as a provider of shore excursions for NCL's passengers.  *Heyden v. Celebrity Cruises, Inc.*, 2013 U.S.Dist.Lexis 27647 (S.D.Fla. 2013); *McLaren v. Celebrity Cruises, Inc.* 2012 U.S.Dist.Lexis 68321 (S.D.Fla. 2012).

44.     On or about October 29, 2018, Defendant NCL breached its duty of reasonable care in the selection and retention of AKUA LLC d/b/a MAUI REEF ADVENTURES as a provider of shore excursions for NCL's passengers.

45.     On or about October 29, 2018, LINDA SMITH, deceased drowned due to the fault and/or negligence of Defendant NCL in the selection and retention of AKUA LLC d/b/a MAUI REEF ADVENTURES as follows:

a.     NCL failed to exercise reasonable care in the selection and offering as an excursion the Molokini Zodiac Turtle Snorkel excursion;

b.     NCL failed to exercise reasonable care in the selection and retention of AKUA LLC d/b/a MAUI REEF ADVENTURES; and/or

c.     NCL failed to exercise reasonable care in the vetting and investigation of AKUA LLC d/b/a MAUI REEF ADVENTURES competence and fitness to provide the subject Molokini Zodiac Turtle Snorkel excursion to NCL's passengers, including Plaintiff; and/or

d.     AKUA LLC d/b/a MAUI REEF ADVENTURES was incompetent or unfit to provide the subject Molokini Zodiac Turtle Snorkel excursion to NCL's passengers, including Plaintiffs;   and/or

e.     NCL knew or in the exercise of reasonable care should have known of the

10

incompetence or unfitness of AKUA LLC d/b/a MAUI REEF ADVENTURES   in the provision of the subject "shore excursion" to NCL's passengers, including Plaintiffs, and/or

f.     NCL knew or in the exercise of reasonable care should have known of prior similar incidents.

46.     As a direct and proximate result of the negligence of Defendant NCL and the incompetence and unfitness of AKUA LLC d/b/a MAUI REEF ADVENTURES, Linda Smith drowned.

47.     Linda Smith was 71 years old on the date of this death.   Immediately prior to her death, she was an adult person in good physical and mental health and condition, and was a loving and supportive wife and mother.   As a direct, proximate and legal result of Decedent's death by drowning, VERNON C. SMITH, individually, and the other beneficiaries of this action, have suffered the permanent loss of Decedent's care, comfort, services, guidance, advice, support, love, affection, devotion, society, and consortium.

Wherefore, the Plaintiffs demands judgment against the Defendant NCL for more than $75,000 in damages, and costs, and the Plaintiffs demand a jury trial.

## COUNT II
## INTENTIONAL FAILURE TO WARN AGAINST NCL

Plaintiffs re-alleges, adopts, and incorporates by reference the allegations in Paragraphs 1 through 37 as though fully and alleged herein.

48.     At all times material, Defendant NCL owed Plaintiffs a duty of reasonable care under the circumstances, which includes a duty to warn of hidden dangerous conditions known or, in the exercise of reasonable care, knowable to Defendant.

49.     On or about October 29, 2018, Defendant NCL and/or its agents, employees, and/or

servants breached its/their duty to Plaintiff by intentionally failing to warn Plaintiff of  hidden and dangerous conditions known to Defendant NCL.

50.     On or about October 29, 2018, Plaintiff, Linda Smith, died due to intentional acts of Defendant NCL, and/or its agents, employees, and/or servants as follows:

a.     Failure to warn Plaintiff of a dangerous condition, to wit: the dangers and potential for injury from participation in the Molokini Zodiac Turtle Snorkel excursion, despite knowledge of the dangers and risk of injury from this shore excursion to Molokini Crater

51.     Defendant NCL's failure to warn was intentional, wanton, and willful.   Moreover, Defendant NCL's failure to warn was calculated and motivated solely by the risk that warning passengers, including Plaintiff, of the known risks of the Molokini Zodiac Turtle Snorkel excursion to the Molokini Crater would result in a loss of revenue from the sale of such shore excursions.

52.     Under the circumstances of Defendant NCL being aware, and on notice, of the true and actual dangers of the excursions to Molokini Crater that was sold to and provided to Plaintiffs as a result of prior claims and lawsuits from the similar shore excursions, Defendant NCL's actions in not specifically warning Plaintiffs, verbally or in writing, of these known dangers were grossly negligent and reckless.

53.     As a direct and proximate result of the intentional failure to warn of Defendant NCL, Linda Smith drowned.

54.     Linda Smith was 71 years old on the date of this death.   Immediately prior to her death, she was an adult person in good physical and mental health and condition, and was a loving and supportive wife and mother.   As a direct, proximate and legal result of Decedent's death by drowning, VERNON C. SMITH, individually, and the other beneficiaries of this action, have

12

suffered the permanent loss of Decedent's care, comfort, services, guidance, advice, support, love, affection, devotion, society, and consortium.

Wherefore, the Plaintiffs demands judgment for punitive damages against Defendant NCL and Plaintiffs demand a jury trial.

**COUNT III**
**CLAIM FOR WRONGFUL DEATH AGAINST NCL**
**<u>UNDER GENERAL MARITIME LAW AND HAWAII WRONGFUL DEATH ACT</u>**

Plaintiffs re-alleges, adopts, and incorporates by reference the allegations in Paragraphs 1 through 37 as though fully and alleged herein.

55.     This Cause of Action arises under *Moragne v. States Marine Lines* - 398 U.S. 375 (1970), *Sea-Land Services v. Gaudet,* 414 U.S. 573 (1974), *Norfolk Shipbuilding & Drydock Corp. v. Garris*, 532 U.S. 811 (2001), *Yamaha Motor Corp., U.S. A. v. Calhoun,* 516 U.S. 199 (1996).

56.     This case is under the maritime jurisdiction of the Court and, therefore the General Maritime Law of the United States as supplemented by state wrongful death, namely the Hawaii Wrongful Death Act.  The accident occurred as the decedent was a passenger engaged in activities, in this case a Molokini Zodiac Turtle Snorkel excursion to the Molokini Crater, which was promoted, sold and vouched for by Defendant, NCL to is passengers on its cruise ship as part and parcel of the cruise and the cruise experience, and NCL transports its passengers to the excursion ride on the ship.  Thus, the conditions of maritime jurisdiction of connection to traditional maritime activity and of location are satisfied.

57.     This is a survival action and a wrongful death action of a non-seaman under the general maritime law, as allowed by *Yamaha Motor Corp., U.S. A. v. Calhoun,* 516 U.S. 199 (1996).

58.     When Defendant NCL offered and provided excursions to their passengers,

13

including the Plaintiff,   VERNON C. SMITH, and his wife, LINDA L. SMITH, deceased, they undertook to offer and provide among other things a reasonably safe excursion.

59.     Defendant NCL owed a duty of reasonable care under the circumstances for the health, welfare and safety of its passengers and to warn of dangers known to NCL in places where its passengers, including the Plaintiff,   VERNON C. SMITH, and his wife, LINDA L. SMITH, deceased, were invited to, or may reasonably be expected to visit.

60.     On or about October 29, 2018, the Defendant NCL and/or its agents, servants, joint ventures, partners, and/or employees breached its duty to act with reasonable care for the safety of Plaintiff,   VERNON C. SMITH, and his wife, LINDA L. SMITH, deceased under the circumstances and was negligent and careless by committing one or more of the following acts and/or omissions including, but not limited to:

    a.     Failure to exercise reasonable care under the circumstances for Plaintiffs' safety during participation in the Molokini Zodiac Turtle Snorkel excursion;

    b.     Failure to adequately warn Plaintiffs of the dangers of participating in the subject Molokini Zodiac Turtle Snorkel excursion;

    c.     Failure to warn the Plaintiff of AKUA LLC d/b/a MAUI REEF ADVENTURES inability to ensure the safety of passengers during the subject Molokini Zodiac Turtle Snorkel excursion;

    d.     Failure to  monitor, oversee, and supervise the subject Molokini Zodiac Turtle Snorkel excursion to ensure its safe and non0-negligent conduct/operation;

    e.     Failure to promulgate and/or enforce adequate policies and procedures for passengers, including the Plaintiffs to be provided safety instructions in the proper use of equipment to include the floatation devices, mask, snorkel, and fins.

f.      Failure to take steps as a result of prior similar incidents to reduce and/or prevent the type of accident the Plaintiff suffered from happening.

g.      Failure to warn passengers such as Linda Smith that the personnel of AKUA LLC d/b/a MAUI REEF ADVENTURES had the authority to move the excursion headed to Molokini Crater and relocate it to a more dangerous location with more dangerous ocean currents.

61.     Defendant NCL created the foregoing conditions causing the Plaintiff's accidental death.   Alternatively, Defendant NCL knew of the foregoing conditions causing Plaintiff's accidental death, and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

62.     The conditions created and/or known to Defendant NCL occurred with sufficient regularity so as to be reasonably foreseeable to Defendant NCL.

63.     The Defendant NCL owed the Plaintiff's a duty of reasonable care in the selection of the excursions offered and provided to their passengers, including the Plaintiff,   VERNON C. SMITH, and his wife, LINDA L. SMITH, deceased.

64.     The Defendant NCL breached its duty of reasonable care it the owed the Plaintiffs in the selection of the Molokini Zodiac Turtle Snorkel excursion offered and provided to their passengers, including the Plaintiff,   VERNON C. SMITH, and his wife, LINDA L. SMITH, deceased.

65.     In addition, at all times material, Defendant NCL owed the Plaintiffs a duty of reasonable care in the selection and retention of AKUA LLC d/b/a MAUI REEF ADVENTURES as a provider of shore excursions for NCL's passengers.

15

66.     On or about October 29, 2018, Defendant NCL breached its duty of reasonable care in the selection and retention of AKUA LLC d/b/a MAUI REEF ADVENTURES as a provider of shore excursions for NCL's passengers.

67.     On or about October 29, 2018, LINDA SMITH, deceased drowned due to the fault and/or negligence of Defendant NCL in the selection and retention of AKUA LLC d/b/a MAUI REEF ADVENTURES as follows:

    a.    NCL failed to exercise reasonable care in the selection and offering as an excursion the Molokini Zodiac Turtle Snorkel excursion;

    b.    NCL failed to exercise reasonable care in the selection and retention of AKUA LLC d/b/a MAUI REEF ADVENTURES; and/or

    c.    NCL failed to exercise reasonable care in the vetting and investigation of AKUA LLC d/b/a MAUI REEF ADVENTURES competence and fitness to provide the subject Molokini Zodiac Turtle Snorkel excursion to NCL's passengers, including Plaintiff; and/or

    d.    AKUA LLC d/b/a MAUI REEF ADVENTURES was incompetent or unfit to provide the subject Molokini Zodiac Turtle Snorkel excursion to NCL's passengers, including Plaintiffs;   and/or

    e.    NCL knew or in the exercise of reasonable care should have known of the incompetence or unfitness of AKUA LLC d/b/a MAUI REEF ADVENTURES   in the provision of the subject "shore excursion" to NCL's passengers, including Plaintiffs, and/or

    f.    NCL knew or in the exercise of reasonable care should have known of prior similar incidents.

68.     As a direct and proximate result of the negligence of Defendant NCL, their failure

in their obligations and duties to the Plaintiff, Linda Smith and the incompetence and unfitness of

AKUA LLC d/b/a MAUI REEF ADVENTURES, Linda Smith drowned.

69.     Linda Smith was 71 years old on the date of this death.   Immediately prior to her

death, she was an adult person in good physical and mental health and condition, and was a loving

and supportive wife and mother.   As a direct, proximate and legal result of Decedent's death by

drowning, VERNON C. SMITH, individually, and the other beneficiaries of this action, have

suffered the permanent loss of Decedent's care, comfort, services, guidance, advice, support, love,

affection, devotion, society, and consortium.

WHEREFORE, the Plaintiff,   VERNON C. SMITH, individually, demands damages

against the Defendant NCL for past and future mental suffering and emotional distress; loss of

love and affection; loss of care, attention, and acts of kindness; and loss of society, companionship,

comfort, consortium; and Plaintiff, Vernon Eugene Smith, as Executor of the ESTATE OF LINDA

L. SMITH, deceased, demands damages against Defendant NCL for pre-death physical and mental

and emotional pain and suffering, future earnings, and loss of the pleasure of being alive, medical

expenses, funeral expenses.   Plaintiffs demand a jury trial.

**COUNT IV**
**CLAIM FOR WRONGFUL DEATH AGAINST NCL**
**UNDER GENERAL MARITIME LAW AND FLORIDA WRONGFUL DEATH ACT**

Plaintiffs re-alleges, adopts, and incorporates by reference the allegations in Paragraphs 1

through 37 as though fully and alleged herein.

70.     This Cause of Action arises under *Moragne v. States Marine Lines* - 398 U.S. 375

(1970), *Sea-Land Services v. Gaudet,* 414 U.S. 573 (1974), *Norfolk Shipbuilding & Drydock Corp.*

*v. Garris*, 532 U.S. 811 (2001), *Yamaha Motor Corp., U.S. A. v. Calhoun,* 516 U.S. 199 (1996).

71.     This case is under the maritime jurisdiction of the Court and, therefore the General Maritime Law of the United States as supplemented by state wrongful death, namely the Florida Wrongful Death Act.   The accident occurred as the decedent was a passenger engaged in activities, in this case a Molokini Zodiac Turtle Snorkel excursion to the Molokini Crater, which was promoted, sold and vouched for by Defendant, NCL to is passengers on its cruise ship as part and parcel of the cruise and the cruise experience, and NCL transports its passengers to the excursion ride on the ship.   Thus, the conditions of maritime jurisdiction of connection to traditional maritime activity and of location are satisfied.

72.     Further, this accident was caused by the negligence of Defendant, NCL in its policies and procedures establish in and implemented from its headquarters in Miami, Florida. Thus, the law and remedies are supplemented by Florida law namely the Florida Wrongful Death Act.

73.     This is a survival action and a wrongful death action of a non-seaman under the general maritime law, as allowed by *Yamaha Motor Corp., U.S.A. v. Calhoun,* 516 U.S. 199 (1996).

74.     When Defendant NCL offered and provided excursions to their passengers, including the Plaintiff,   VERNON C. SMITH, and his wife, LINDA L. SMITH, deceased, they undertook to offer and provide among other things a reasonably safe excursion.

75.     Defendant NCL owed a duty of reasonable care under the circumstances for the health, welfare and safety of its passengers and to warn of dangers known to NCL in places where its passengers, including the Plaintiff,   VERNON C. SMITH, and his wife, LINDA L. SMITH, deceased, were invited to, or may reasonably be expected to visit.

76.     On or about October 29, 2018, the Defendant NCL and/or its agents, servants, joint

18

ventures, partners, and/or employees breached its duty to act with reasonable care for the safety of Plaintiff,   VERNON C. SMITH, and his wife, LINDA L. SMITH, deceased under the circumstances and was negligent and careless by committing one or more of the following acts and/or omissions including, but not limited to:

a.   Failure to exercise reasonable care under the circumstances for Plaintiffs' safety during participation in the Molokini Zodiac Turtle Snorkel excursion;

b.   Failure to adequately warn Plaintiffs of the dangers of participating in the subject Molokini Zodiac Turtle Snorkel excursion;

c.   Failure to warn the Plaintiff of AKUA LLC d/b/a MAUI REEF ADVENTURES inability to ensure the safety of passengers during the subject Molokini Zodiac Turtle Snorkel excursion;

d.   Failure to monitor, oversee, and supervise the subject Molokini Zodiac Turtle Snorkel excursion to ensure its safe and non0-negligent conduct/operation;

e.   Failure to promulgate and/or enforce adequate policies and procedures for passengers, including the Plaintiffs to be provided safety instructions in the proper use of equipment to include the floatation devices, mask, snorkel, and fins.

f.   Failure to take steps as a result of prior similar incidents to reduce and/or prevent the type of accident the Plaintiff suffered from happening.

g.   Failure to warn passengers such as Linda Smith that the personnel of AKUA LLC d/b/a MAUI REEF ADVENTURES had the authority to move the excursion headed to Molokini Crater and relocate it to a more dangerous location with more dangerous ocean currents.

77.   Defendant NCL created the foregoing conditions causing the Plaintiff's accidental

death.   Alternatively, Defendant NCL knew of the foregoing conditions causing Plaintiff's accidental death, and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

78.     The conditions created and/or known to Defendant NCL occurred with sufficient regularity so as to be reasonably foreseeable to Defendant NCL.

79.     The Defendant NCL owed the Plaintiff's a duty of reasonable care in the selection of the excursions offered and provided to their passengers, including the Plaintiff,   VERNON C. SMITH, and his wife, LINDA L. SMITH, deceased.

80.     The Defendant NCL breached its duty of reasonable care it the owed the Plaintiffs in the selection of the Molokini Zodiac Turtle Snorkel excursion offered and provided to their passengers, including the Plaintiff,   VERNON C. SMITH, and his wife, LINDA L. SMITH, deceased.

81.     In addition, at all times material, Defendant NCL owed the Plaintiffs a duty of reasonable care in the selection and retention of AKUA LLC d/b/a MAUI REEF ADVENTURES as a provider of shore excursions for NCL's passengers.

82.     On or about October 29, 2018, Defendant NCL breached its duty of reasonable care in the selection and retention of AKUA LLC d/b/a MAUI REEF ADVENTURES as a provider of shore excursions for NCL's passengers.

83.     On or about October 29, 2018, LINDA SMITH, deceased drowned due to the fault and/or negligence of Defendant NCL in the selection and retention of AKUA LLC d/b/a MAUI REEF ADVENTURES as follows:

a.     NCL failed to exercise reasonable care in the selection and offering as an excursion

the Molokini Zodiac Turtle Snorkel excursion;

b.     NCL failed to exercise reasonable care in the selection and retention of AKUA LLC

d/b/a MAUI REEF ADVENTURES; and/or

c.     NCL failed to exercise reasonable care in the vetting and investigation of AKUA

LLC d/b/a MAUI REEF ADVENTURES competence and fitness to provide the

subject Molokini Zodiac Turtle Snorkel excursion to NCL's passengers, including

Plaintiff; and/or

d.     AKUA LLC d/b/a MAUI REEF ADVENTURES was incompetent or unfit to

provide the subject Molokini Zodiac Turtle Snorkel excursion to NCL's

passengers, including Plaintiffs;   and/or

e.     NCL knew or in the exercise of reasonable care should have known of the

incompetence or unfitness of AKUA LLC d/b/a MAUI REEF ADVENTURES   in

the provision of the subject "shore excursion" to NCL's passengers, including

Plaintiffs, and/or

f.     NCL knew or in the exercise of reasonable care should have known of prior similar

incidents.

84.     As a direct and proximate result of the negligence of Defendant NCL, their failure

in their obligations and duties to the Plaintiff, Linda Smith and the incompetence and unfitness of

AKUA LLC d/b/a MAUI REEF ADVENTURES, Linda Smith drowned.

85.     Linda Smith was 71 years old on the date of this death.   Immediately prior to her

death, she was an adult person in good physical and mental health and condition, and was a loving

and supportive wife and mother.   As a direct, proximate and legal result of Decedent's death by

drowning, VERNON C. SMITH, individually, and the other beneficiaries of this action, have

21

suffered the permanent loss of Decedent's care, comfort, services, guidance, advice, support, love, affection, devotion, society, and consortium.

WHEREFORE, the Plaintiff,  VERNON C. SMITH, individually, demands damages against the Defendant NCL for past and future mental suffering and emotional distress; loss of love and affection; loss of care, attention, and acts of kindness; and loss of society, companionship, comfort, consortium; and Plaintiff, Vernon Eugene Smith, as Executor of the ESTATE OF LINDA L. SMITH, deceased, demands damages against Defendant NCL for pre-death physical and mental and emotional pain and suffering, future earnings, and loss of the pleasure of being alive, medical expenses, funeral expenses.   Plaintiffs demand a jury trial.

**COUNT V**
**DEATH ON THE HIGH SEAS ACT AGAINST NCL**
**(PLED IN THE ALTERNATIVE)**

Plaintiffs re-alleges, adopts, and incorporates by reference the allegations in Paragraphs 1 through 37 as though fully and alleged herein.

86.    Should it be determined that Linda Smith died on the High Seas, Plaintiffs, VERNON C. SMITH, individually, and Vernon Eugene Smith, as Executor of the ESTATE OF LINDA L. SMITH, deceased, hereby pleads in the alternate a claim against NCL under the Death on the High Seas Act, 46 U.S.C. § 30302, ("DOHSA") and re-alleges paragraphs 1 – 37 as if fully stated herein and further alleges:

87.    In the alternative,  Plaintiffs, VERNON C. SMITH, individually, and Vernon Eugene Smith, as Executor of the ESTATE OF LINDA L. SMITH, deceased, that Linda Smith's death occurred on the High Seas.

88.    DOHSA gives the personal representative of the decedent the statutory right to bring a civil action against the person, company or boat responsible for the exclusive benefit of

the decedent's spouse, parent, child, or dependent relative when the death of an individual is caused by wrongful act, neglect, or default occurring on the high seas.

89.     Defendant NCL offered and provided excursions to their passengers, including the Plaintiff,  VERNON C. SMITH, and his wife, LINDA L. SMITH, deceased, they undertook to offer and provide among other things a reasonably safe excursion.

90.     Defendant NCL owed a duty of reasonable care under the circumstances for the health, welfare and safety of its passengers and to warn of dangers known to NCL in places where its passengers, including the Plaintiff,  VERNON C. SMITH, and his wife, LINDA L. SMITH, deceased, were invited to, or may reasonably be expected to visit.

91.     On or about October 29, 2018, the Defendant NCL and/or its agents, servants, joint ventures, partners, and/or employees breached its duty to act with reasonable care for the safety of Plaintiff,   VERNON C. SMITH, and his wife, LINDA L. SMITH, deceased under the circumstances and was negligent and careless by committing one or more of the following wrongful acts,  neglect or default by failing to:

      a.    Exercise reasonable care in the selection and offering as an excursion the Molokini Zodiac Turtle Snorkel excursion;

      b.    Exercise reasonable care in the selection and retention of AKUA LLC d/b/a MAUI REEF ADVENTURES; and/or

      c.    Exercise reasonable care in the vetting and investigation of AKUA LLC d/b/a MAUI REEF ADVENTURES competence and fitness to provide the subject Molokini Zodiac Turtle Snorkel excursion to NCL's passengers, including Plaintiff; and/or

      d.    Ensure AKUA LLC d/b/a MAUI REEF ADVENTURES was competent or

fit to provide the subject Molokini Zodiac Turtle Snorkel excursion to NCL's passengers, including Plaintiffs;   and/or

e.   Exercise of reasonable care investigating or should have known of the incompetence or unfitness of AKUA LLC d/b/a MAUI REEF ADVENTURES   in the provision of the subject "shore excursion" to NCL's passengers, including Plaintiffs, and/or

f.   Exercise reasonable care and should have known of prior similar incidents.

g.   Ensure a safe, non-hazardous place for Linda Smith to snorkel;

h.   Ensure AKUA LLC d/b/a MAUI REEF ADVENTURES provide, maintain, implement and enforce policies and procedures for in the proper use of equipment to include the floatation devices, mask, snorkel, and fins to the excursion passengers;

i.   Failed to ensure AKUA LLC d/b/a MAUI REEF ADVENTURES employed proper supervision and observation of their snorkeling passengers.

j.   Failed to ensure AKUA LLC d/b/a MAUI REEF ADVENTURES instituted and enforced a partner or buddy system before passenger/excursion members were permitted to enter into the water;

k.   Failed to ensure AKUA LLC d/b/a MAUI REEF ADVENTURES maintained sufficient crew and adequate lookout on board their boats while all passengers/excursion members were in the water;

l.   Failed to ensure AKUA LLC d/b/a MAUI REEF ADVENTURES maintained adequate procedures to monitor passenger/excursion members

24

movements and respond in case of emergency;

m.   Failed to ensure AKUA LLC d/b/a MAUI REEF ADVENTURES promulgated, issued and enforced safety procedures that may be uncovered as discovery and investigation continue.

92.   As a direct or proximate result of the wrongful acts, neglect or default alleged in the preceding paragraphs, by NCL, Linda Smith lost her life and her estate is entitled under the law to damages.

WHEREFORE, Vernon Eugene Smith, as Executor of the ESTATE OF LINDA L. SMITH, deceased,   on behalf of VERNON C. SMITH, demands damages representing lost past and future: (1) support in the amount of money LINDA SMITH had, and would have, contributed from her earnings to support him; (2) services LINDA SMITH would have provided him; (3) funeral expenses paid by him; (4) pre and post judgment interest on those damages; and, (5) all taxable costs available under law.

**COUNT VI**
**NEGLIGENCE AGAINST AKUA LLC d/b/a MAUI REEF ADVENTURES**

Plaintiffs re-allege, adopts, and incorporates by reference the allegations in Paragraphs 1 through 37 as though fully alleged herein.

93.   At all times material, Defendant, AKUA LLC d/b/a MAUI REEF ADVENTURES owed Plaintiff, VERNON C. SMITH, and his wife, LINDA L. SMITH, deceased, a duty of reasonable care under the circumstances. *Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 79 S.Ct. 406 (1959);   *Everett v. Carnival Cruise Lines, Inc.,* 912 F.2d 1355 (11th Cir. 1990); *Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318 (11th Cir. 1989), *on remand,* 715 F.Supp. 1069 (M.D.Fla. 1989).   This duty included warning Plaintiff of known or foreseeable dangers. *Keefe,* 867 F.2d at 1322; *Witover v. Celebrity Cruises, Inc.,* 2016 WL 661065, *3 (S.D.Fla. 2016);

*Lapidus v. NCL America LLC,* 924 F.Supp.2d 1352 (S.D.Fla. 2013).

94.     On or about October 29, 2018, Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES, and/or their agents, servants, joint venturers, and/or employees breached their duty to provide Plaintiff with reasonable care under the circumstances.

95.     On or about October 29, 2018, Linda Smith, drowned while participating in the Molokini Zodiac Turtle Snorkel excursion due to the fault and/or negligence of Defendant, AKUA LLC d/b/a MAUI REEF ADVENTURES, and/or their agents, servants, joint ventures, and/or employees as follows:

a.      Failure to exercise reasonable care under the circumstances for Plaintiff's safety during her participation in the Molokini Zodiac Turtle Snorkel excursion; and/or

b.      Failure to adequately warn Plaintiff of the dangers of participating in the subject Molokini Zodiac Turtle Snorkel excursion;

c.      Failure to warn Plaintiff of its inability and/or unwillingness to ensure the safety of passengers during the subject Molokini Zodiac Turtle Snorkel excursion; and/or;

d.      Failure to make provisions for a suitable safe alternate area in which to snorkel, in the event "Molokini Crater" was too crowded;

e.      Failure to provide Plaintiff with a reasonably safe Molokini Zodiac Turtle Snorkel excursion; and/or

f.      Failure to promulgate and/or enforce adequate policies and procedures for passengers, including the Plaintiffs to be provided safety instructions in the proper use of equipment to include the floatation devices, mask, snorkel, and fins.

g.      Failure to comply with safety codes and standards designed and promulgated to reduce the risk of the type of accident the Plaintiff suffered, from happening; and/or

26

      h.     Failure to have adequate risk management procedures in place designed to reduce the occurrence of the type of accident suffered by the Plaintiff; and/or

      i.     Failure to implement available safety standards designed to reduce and/or prevent the type of accident the Plaintiff suffered from happening; and/or

      j.     Failure to take steps as a result of prior similar incidents to reduce and/or prevent the type of accident the Plaintiff suffered from happening.

96.     Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES created the foregoing conditions causing the Plaintiff's accident. Alternatively, Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendants, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

97.     The conditions created and/or known to Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES occurred with sufficient regularity so as to be reasonably foreseeable to Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES.

98.     As a direct and proximate result of the negligence of Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES, Linda Smith drowned.

99.     Linda Smith was 71 years old on the date of this death. Immediately prior to her death, she was an adult person in good physical and mental health and condition, and was a loving and supportive wife and mother. As a direct, proximate and legal result of Decedent's death by drowning, VERNON C. SMITH, individually, and the other beneficiaries of this action, have suffered the permanent loss of Decedent's care, comfort, services, guidance, advice, support, love, affection, devotion, society, and consortium.

Wherefore, the Plaintiffs demands judgment for all damages recoverable under the law against Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES and Plaintiffs demand a jury

trial.

## COUNT VII
### INTENTIONAL FAILURE TO WARN
### AGAINST AKUA LLC d/b/a MAUI REEF ADVENTURES

Plaintiffs re-alleges, adopts, and incorporates by reference the allegations in Paragraphs 1 through 37 as though fully and alleged herein.

100.    At all times material, Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES owed Plaintiffs a duty of reasonable care under the circumstances, which includes a duty to warn of hidden dangerous conditions known or, in the exercise of reasonable care, knowable to Defendant.

101.    On or about October 29, 2018, Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES and/or its agents, employees, and/or servants breached its/their duty to Plaintiff by intentionally failing to warn Plaintiff of a hidden and dangerous conditions known to Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES.

102.    On or about October 29, 2018, Plaintiff, Linda Smith, died due to intentional acts of Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES, and/or its agents, employees, and/or servants as follows:

a.    Failure to warn Plaintiff of a dangerous condition, to wit: the dangers and potential for injury from participation in the Molokini Zodiac Turtle Snorkel excursion, despite knowledge of the dangers and risk of injury from this shore excursion to Molokini Crater

103.    Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES' failure to warn was intentional, wanton, and willful.   Moreover, Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES' failure to warn was calculated and motivated solely by the risk that warning

passengers, including Plaintiff, of the known risks of the Molokini Zodiac Turtle Snorkel excursion to the Molokini Crater would result in a loss of revenue from the sale of such shore excursions.

104.    Under the circumstances of Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES being aware, and on notice, of the true and actual dangers of the excursions to Molokini Crater that was sold to and provided to Plaintiffs as a result of prior claims and lawsuits from the similar shore excursions, Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES's actions in not specifically warning Plaintiffs, verbally or in writing, of these known dangers were grossly negligent and reckless.

105.    As a direct and proximate result of the intentional failure to warn of Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES, Linda Smith drowned.

106.    Linda Smith was 71 years old on the date of this death.   Immediately prior to her death, she was an adult person in good physical and mental health and condition, and was a loving and supportive wife and mother.   As a direct, proximate and legal result of Decedent's death by drowning, VERNON C. SMITH, individually, and the other beneficiaries of this action, have suffered the permanent loss of Decedent's care, comfort, services, guidance, advice, support, love, affection, devotion, society, and consortium.

Wherefore, the Plaintiffs demands judgment for punitive damages against Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES and Plaintiffs demand a jury trial.

**COUNT VIII**
**CLAIM FOR WRONGFUL DEATH AGAINST AKUA LLC**
**d/b/a MAUI REEF ADVENTURES**
**UNDER GENERAL MARITIME LAW AND HAWAII WRONGFUL DEATH ACT**

Plaintiffs re-alleges, adopts, and incorporates by reference the allegations in Paragraphs 1 through 37 as though fully and alleged herein.

107.    This Cause of Action arises under *Moragne v. States Marine Lines* - 398 U.S. 375

(1970), *Sea-Land Services v. Gaudet,* 414 U.S. 573 (1974), *Norfolk Shipbuilding & Drydock Corp. v. Garris*, 532 U.S. 811 (2001), *Yamaha Motor Corp., U.S. A. v. Calhoun,* 516 U.S. 199 (1996).

108.    This case is under the maritime jurisdiction of the Court and, therefore the General Maritime Law of the United States as supplemented by state wrongful death, namely the Hawaii Wrongful Death Act.   The accident occurred as the decedent engaged in activities in this case, a Molokini Zodiac Turtle Snorkel excursion to the Molokini Crater, which was provided by AKUA LLC d/b/a MAUI REEF ADVENTURES to NCL passengers on their cruise ship,     Thus, the conditions of maritime jurisdiction of connection to traditional maritime activity and of location are satisfied.

109.    Further, this accident was caused by the negligence, failure in the obligations and the duty to act of Defendants, AKUA LLC d/b/a MAUI REEF ADVENTURES in Hawaii.   Thus, the law and remedies are supplemented by Hawaii law namely the Hawaii Wrongful Death Act.

110.    This is a survival action and a wrongful death action of a non-seaman under the general maritime law, as allowed by *Yamaha Motor Corp., U.S. A. v. Calhoun,* 516 U.S. 199 (1996).

111.    When Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES offered and provided excursions to NCL passengers, including the Plaintiff,   VERNON C. SMITH, and his wife, LINDA L. SMITH, deceased, they undertook to offer and provide among other things a reasonably safe excursion.

112.    Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES, owed a duty of reasonable care under the circumstances for the health, welfare and safety of its excursion passengers, and to warn of dangers known to AKUA LLC d/b/a MAUI REEF ADVENTURES.

113.    On or about October 29, 2018, Defendant AKUA LLC d/b/a MAUI REEF

ADVENTURES, and/or their agents, servants, joint venturers, and/or employees breached their obligation and duty to provide Plaintiff with reasonable care under the circumstances.

114.    On or about October 29, 2018, Linda Smith, drowned while participating in the Molokini Zodiac Turtle Snorkel excursion due to the fault and/or negligence of Defendant, AKUA LLC d/b/a MAUI REEF ADVENTURES, and/or their agents, servants, joint ventures, and/or employees as follows:

a.    Failure to exercise reasonable care under the circumstances for Plaintiff's safety during her participation in the Molokini Zodiac Turtle Snorkel excursion; and/or

b.    Failure to adequately warn Plaintiff of the dangers of participating in the subject Molokini Zodiac Turtle Snorkel excursion;

c.    Failure to warn Plaintiff of its inability and/or unwillingness to ensure the safety of passengers during the subject Molokini Zodiac Turtle Snorkel excursion; and/or;

d.    Failure to make provisions for a suitable safe alternate area in which to snorkel, in the event "Molokini Crater" was too crowded;

e.    Failure to provide Plaintiff with a reasonably safe Molokini Zodiac Turtle Snorkel excursion; and/or

f.    Failure to promulgate and/or enforce adequate policies and procedures for passengers, including the Plaintiffs to be provided safety instructions in the proper use of equipment to include the floatation devices, mask, snorkel, and fins.

g.    Failure to comply with safety codes and standards designed and promulgated to reduce the risk of the type of accident the Plaintiff suffered, from happening; and/or

h.    Failure to have adequate risk management procedures in place designed to reduce the occurrence of the type of accident suffered by the Plaintiff; and/or

i.  Failure to implement available safety standards designed to reduce and/or prevent the type of accident the Plaintiff suffered from happening; and/or

j.  Failure to take steps as a result of prior similar incidents to reduce and/or prevent the type of accident the Plaintiff suffered from happening.

115.  Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES created the foregoing conditions causing the Plaintiff's accident.  Alternatively, Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendants, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

116.  The conditions created and/or known to Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES occurred with sufficient regularity so as to be reasonably foreseeable to Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES.

117.  As a direct and proximate result of the negligence of Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES, and their failure in their obligations and duties to the Plaintiff, Linda Smith drowned.

118.  Linda Smith was 71 years old on the date of this death.   Immediately prior to her death, she was an adult person in good physical and mental health and condition, and was a loving and supportive wife and mother.  As a direct, proximate and legal result of Decedent's death by drowning, VERNON C. SMITH, individually, and the other beneficiaries of this action, have suffered the permanent loss of Decedent's care, comfort, services, guidance, advice, support, love, affection, devotion, society, and consortium.

WHEREFORE, the Plaintiff,   VERNON C. SMITH, individually, demands damages

33

against the Defendant NCL for past and future mental suffering and emotional distress; loss of love and affection; loss of care, attention, and acts of kindness; and loss of society, companionship, comfort, consortium; and Plaintiff, Vernon Eugene Smith, as Executor of the ESTATE OF LINDA L. SMITH, deceased, demands damages against Defendant NCL for pre-death physical and mental and emotional pain and suffering, future earnings, and loss of the pleasure of being alive, medical expenses, funeral expenses.   Plaintiffs demand a jury trial.

## COUNT IX
### CLAIM FOR WRONGFUL DEATH AGAINST AKUA LLC
### d/b/a MAUI REEF ADVENTURES
### UNDER GENERAL MARITIME LAW AND FLORIDA WRONGFUL DEATH ACT

Plaintiffs re-alleges, adopts, and incorporates by reference the allegations in Paragraphs 1 through 37 as though fully and alleged herein.

119.     This Cause of Action arises under *Moragne v. States Marine Lines* - 398 U.S. 375 (1970), *Sea-Land Services v. Gaudet,* 414 U.S. 573 (1974), *Norfolk Shipbuilding & Drydock Corp. v. Garris*, 532 U.S. 811 (2001), *Yamaha Motor Corp., U.S. A. v. Calhoun,* 516 U.S. 199 (1996).

120.     This case is under the maritime jurisdiction of the Court and, therefore the General Maritime Law of the United States as supplemented by state wrongful death, namely the Florida Wrongful Death Act.   The accident occurred as the decedent engaged in activities in this case, a Molokini Zodiac Turtle Snorkel excursion to the Molokini Crater, which was provided by AKUA LLC d/b/a MAUI REEF ADVENTURES to NCL passengers on their cruise ship,    Thus, the conditions of maritime jurisdiction of connection to traditional maritime activity and of location are satisfied.

121.     Further, this accident was caused by the negligence of Defendants, AKUA LLC d/b/a MAUI REEF ADVENTURES and NCL, in its agreements and contracts establish in and implemented from NCL's headquarters in Miami, Florida.   Thus, the law and remedies are

supplemented by Florida law namely the Florida Wrongful Death Act.

122.    This is a survival action and a wrongful death action of a non-seaman under the general maritime law, as allowed by *Yamaha Motor Corp., U.S. A. v. Calhoun,* 516 U.S. 199 (1996).

123.    When Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES offered and provided excursions to NCL passengers, including the Plaintiff,   VERNON C. SMITH, and his wife, LINDA L. SMITH, deceased, they undertook to offer and provide among other things a reasonably safe excursion.

124.    Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES, owed a duty of reasonable care under the circumstances for the health, welfare and safety of its excursion passengers, and to warn of dangers known to AKUA LLC d/b/a MAUI REEF ADVENTURES.

125.    On or about October 29, 2018, Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES, and/or their agents, servants, joint venturers, and/or employees breached their obligation and duty to provide Plaintiff with reasonable care under the circumstances.

126.    On or about October 29, 2018, Linda Smith, drowned while participating in the Molokini Zodiac Turtle Snorkel excursion due to the fault and/or negligence of Defendant, AKUA LLC d/b/a MAUI REEF ADVENTURES, and/or their agents, servants, joint ventures, and/or employees as follows:

    a.    Failure to exercise reasonable care under the circumstances for Plaintiff's safety during her participation in the Molokini Zodiac Turtle Snorkel excursion; and/or

    b.    Failure to adequately warn Plaintiff of the dangers of participating in the subject Molokini Zodiac Turtle Snorkel excursion;

    c.    Failure to warn Plaintiff of its inability and/or unwillingness to ensure the safety of

passengers during the subject Molokini Zodiac Turtle Snorkel excursion; and/or;

d.      Failure to make provisions for a suitable safe alternate area in which to snorkel, in the event "Molokini Crater" was too crowded;

e.      Failure to provide Plaintiff with a reasonably safe Molokini Zodiac Turtle Snorkel excursion; and/or

f.      Failure to promulgate and/or enforce adequate policies and procedures for passengers, including the Plaintiffs to be provided safety instructions in the proper use of equipment to include the floatation devices, mask, snorkel, and fins.

g.      Failure to comply with safety codes and standards designed and promulgated to reduce the risk of the type of accident the Plaintiff suffered, from happening; and/or

h.      Failure to have adequate risk management procedures in place designed to reduce the occurrence of the type of accident suffered by the Plaintiff; and/or

i.      Failure to implement available safety standards designed to reduce and/or prevent the type of accident the Plaintiff suffered from happening; and/or

j.      Failure to take steps as a result of prior similar incidents to reduce and/or prevent the type of accident the Plaintiff suffered from happening.

127.    Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES created the foregoing conditions causing the Plaintiff's accident.  Alternatively, Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendants, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

128.    The conditions created and/or known to Defendant AKUA LLC d/b/a MAUI REEF

ADVENTURES occurred with sufficient regularity so as to be reasonably foreseeable to Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES.

129.   As a direct and proximate result of the negligence of Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES, and their failure in their obligations and duties to the Plaintiff, Linda Smith drowned.

130.   Linda Smith was 71 years old on the date of this death.   Immediately prior to her death, she was an adult person in good physical and mental health and condition, and was a loving and supportive wife and mother.   As a direct, proximate and legal result of Decedent's death by drowning, VERNON C. SMITH, individually, and the other beneficiaries of this action, have suffered the permanent loss of Decedent's care, comfort, services, guidance, advice, support, love, affection, devotion, society, and consortium.

WHEREFORE, the Plaintiff,   VERNON C. SMITH, individually, demands damages against the Defendant NCL for past and future mental suffering and emotional distress; loss of love and affection; loss of care, attention, and acts of kindness; and loss of society, companionship, comfort, consortium; and Plaintiff, Vernon Eugene Smith, as Executor of the ESTATE OF LINDA L. SMITH, deceased, demands damages against Defendant NCL for pre-death physical and mental and emotional pain and suffering, future earnings, and loss of the pleasure of being alive, medical expenses, funeral expenses.   Plaintiffs demand a jury trial.

## COUNT X
## DEATH ON THE HIGH SEAS ACT AGAINST
## AKUA LLC d/b/a MAUI REEF ADVENTURES
## (PLED IN THE ALTERNATIVE)

131.   Should it be determined that Linda Smith died on the High Seas, Plaintiffs, VERNON C. SMITH, individually, and Vernon Eugene Smith, as Executor of the ESTATE OF LINDA L. SMITH, deceased, hereby pleads in the alternate a claim against AKUA LLC d/b/a

MAUI REEF ADVENTURES under the Death on the High Seas Act, 46 U.S.C. § 30302, ("DOHSA") and re-alleges paragraphs 1 – 36 as if fully stated herein and further alleges:

132.    In the alternative,  Plaintiffs, VERNON C. SMITH, individually, and Vernon Eugene Smith, as Executor of the ESTATE OF LINDA L. SMITH, deceased, that Linda Smith's death occurred on the High Seas.

133.    DOHSA gives the personal representative of the decedent the statutory right to bring a civil action against the person, company or boat responsible for the exclusive benefit of the decedent's spouse, parent, child, or dependent relative when the death of an individual is caused by wrongful act, neglect, or default occurring on the high seas.

134.    Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES,  offered and provided excursions to NCL passengers, including the Plaintiff,  VERNON C. SMITH, and his wife, LINDA L. SMITH, deceased, and they undertook to offer and provide among other things a reasonably safe excursion.

135.    On or about October 29, 2018, Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES, and/or their agents, servants, joint venturers, and/or employees were negligent and breached their duty to provide Plaintiff with reasonable care under the circumstances.

136.    On or about October 29, 2018, Linda Smith, drowned while participating in the Molokini Zodiac Turtle Snorkel excursion due to the fault and/or negligence of Defendant, AKUA LLC d/b/a MAUI REEF ADVENTURES, and/or their agents, servants, joint ventures, and/or employees as follows:

137.    Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES owed a duty of reasonable care under the circumstances for the health, welfare and safety of its excursion passengers and to warn of dangers known to AKUA LLC d/b/a MAUI REEF ADVENTURES.

138.     On or about October 29, 2018, the Defendant, AKUA LLC d/b/a MAUI REEF ADVENTURES's and/or its agents, servants, joint ventures, partners, and/or employees breached its duty to act with reasonable care for the safety of Plaintiff,    VERNON C. SMITH, and his wife, LINDA L. SMITH, deceased under the circumstances and was negligent and careless by committing one or more of the following wrongful acts,   neglect or default by failing to:

a.     Exercise reasonable care under the circumstances for Plaintiff's safety during her participation in the Molokini Zodiac Turtle Snorkel excursion; and/or

b.     Adequately warn Plaintiff of the dangers of participating in the subject Molokini Zodiac Turtle Snorkel excursion;

c.     Warn Plaintiff of its inability and/or unwillingness to ensure the safety of passengers during the subject Molokini Zodiac Turtle Snorkel excursion; and/or;

d.     Make provisions for a suitable safe alternate area in which to snorkel, in the event "Molokini Crater" was too crowded;

e.     Provide Plaintiff with a reasonably safe Molokini Zodiac Turtle Snorkel excursion; and/or

f.     Promulgate and/or maintain, implement, and enforce policies and procedures for the instruction to passengers, including the Plaintiffs, in the proper use of equipment to include the floatation devices, mask, snorkel, and fins.

g.     Comply with safety codes and standards designed and promulgated to reduce the risk of the type of accident the Plaintiff suffered, from happening; and/or

h.     Have adequate risk management procedures in place designed to reduce the occurrence of the type of accident suffered by the Plaintiff; and/or

i.     Implement available safety standards designed to reduce and/or prevent the type of

accident the Plaintiff suffered from happening; and/or

j.      Take steps as a result of prior similar incidents to reduce and/or prevent the type of accident the Plaintiff suffered from happening.

k.      Ensure proper supervision and observation of their snorkeling passengers.

l.      Institute enforcement of a partner or buddy system before passenger/excursion members were permitted to enter into the water;

m.      Maintain sufficient crew and adequate lookout on board their boats while all passengers/excursion members were in the water;

n.      Maintain adequate procedures to monitor passenger/excursion members movements and respond in case of emergency;

o.      Ensure promulgated, issued, and enforced safety procedures that may be uncovered as discovery and investigation continue.

139.    As a direct or proximate result of the wrongful acts, neglect or default alleged in the preceding paragraphs, Linda Smith lost her life and her estate is entitled under the law to damages.

WHEREFORE, Vernon Eugene Smith, as Executor of the ESTATE OF LINDA L. SMITH, deceased, on behalf of VERNON C. SMITH, demands damages representing lost past and future: (1) support in the amount of money LINDA SMITH had, and would have, contributed from her earnings to support him; (2) services LINDA SMITH would have provided him; (3) funeral expenses paid by him; (4) pre and post judgment interest on those damages; and, (5) all taxable costs available under law.

**COUNT XI**
**APPARENT AGENCY OR AGENCY BY ESTOPPEL AGAINST**
**NCL AND AKUA LLC d/b/a MAUI REEF ADVENTURES**

Plaintiffs re-alleges, adopts, and incorporates by reference the allegations in Paragraphs 1 through 37 as though fully and alleged herein.

140.    At all times material, Defendant AKUA LLC d/b/A MAUI REEF ADVENTURES were the apparent agent(s) of Defendant NCL.

141.    A all times material hereto, Defendant NCL is estopped from denying that Defendants AKUA LLC d/b/a MAUI REEF ADVENTURES were its agent(s) or employee(s).

142.    At all times material hereto, Defendant NCL made manifestations which caused Plaintiff to believe that Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES had authority to act for the benefit of Defendant NCL. These manifestations included:

a.    NCL allowed its name to be utilized in connection with the advertising of AKUA LLC d/b/a MAUI REEF ADVENTURES' Molokini Zodiac Turtle Snorkel excursion; and/or

b.    NCL marketed the subject Molokini Zodiac Turtle Snorkel excursion using its company logo on its website and/or in its brochures and/or on its ship without effectively disclosing to Plaintiff that the subject shore excursion was being run completely by another entity (and/or entities); and/or

c.    Until the point that Plaintiffs actually participated in the subject Molokini Zodiac Turtle Snorkel excursion, Plaintiffs' exclusive contact concerning the subject shore excursion was with NCL; and/or

d.    NCL recommended to Plaintiff to not engage in shore excursions, tours, or activities that are not sold through NCL as NCL has no familiarity with other tours

or their operations; and/or

e.      The fee for the excursion was charged to Plaintiff, and collected from the Plaintiff, exclusively by NCL, and/or

f.      Plaintiff received a receipt exclusively from NCL for the purchase of the subject Molokini Zodiac Turtle Snorkel excursion.

143.    At all times material hereto, under the circumstances described above, it was reasonable for Plaintiff to believe that Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES had authority to act for the benefit of Defendant NCL.

144.    At all times material hereto, Plaintiff, VERNON C. SMITH, and his wife, LINDA L. SMITH, deceased, relied on the above, to their detriment, so as to believe that Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES, was the agent of NCL, in choosing the subject Molokini Zodiac Turtle Snorkel excursion.   Additionally, Defendant NCL's actions caused Plaintiff to believe that Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES, had authority to act on Defendant NCL's behalf.

145.    The foregoing acts of negligence of Defendant NCL and/or Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES were a direct and proximate cause of Linda Smith's death.

146.    As a direct and proximate result of the negligence of the Defendants, Linda Smith drowned.

147.    Linda Smith was 71 years old on the date of this death.   Immediately prior to her death, she was an adult person in good physical and mental health and condition, and was a loving and supportive wife and mother.   As a direct, proximate and legal result of Decedent's death by drowning, VERNON C. SMITH, individually, and the other beneficiaries of this action, have suffered the permanent loss of Decedent's care, comfort, services, guidance, advice, support, love,

42

affection, devotion, society, and consortium.

WHEREFORE, Plaintiffs demand judgment for all damages recoverable under the law against Defendant NCL and Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES and the Plaintiffs demand a jury trial.

## COUNT XII
## JOINT VENTURE BETWEEN NCL AND AKUA LLC d/b/a MAUI REEF ADVENTURES

Plaintiffs re-alleges, adopts, and incorporates by reference the allegations in Paragraphs 1 through 37 as though fully and alleged herein.

148.    At all times material hereto, Defendant NCL and Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES engaged in a joint venture to provide shore excursions to passengers aboard Defendant NCL's ship(s).

149.    At all times material hereto, Defendant NCL and Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES entered into an agreement whereby Defendant NCL would advertise, market, and sell the subject Molokini Zodiac Turtle Snorkel excursion to its passengers, including Plaintiffs and Defendant, AKUA LLC d/b/a MAUI REEF ADVENTURES, would operate the Molokini Zodiac Turtle Snorkel excursion.

150.    As its part of the joint venture, Defendant NCL arranged for, advertised, marketed, recommended, operated, sold, and/or collected money for the subject Molokini Zodiac Turtle Snorkel excursion and the money was then shared between Defendant NCL and Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES.

151.    As its part of the joint venture, Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES, provided labor and/or operated the subject Molokini Zodiac Turtle Snorkel excursion.

152.    Defendant NCL, on behalf of the joint venture, determined the fee and charged the

43

fee to passengers, including Plaintiffs, who participated in the subject Molokini Zodiac Turtle Snorkel excursion. The earnings were split between Defendant NCL and Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES.

153.    At all times material hereto, Defendant NCL and Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES, had joint and/or shared control over aspects of the joint venture. Defendants AKUA LLC d/b/a MAUI REEF ADVENTURES had control over the day-to-day workings of the subject Molokini Zodiac Turtle Snorkel excursion.  Defendant NCL also had control over the day-to-day workings of the excursions in that it required Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES, to exercise reasonable care in the operation of the subject Molokini Zodiac Turtle Snorkel excursion. Defendant NCL had control over the arrangements, advertising, marketing, and sales of the subject Molokini Zodiac Turtle Snorkel excursion.

154.    At all times material hereto, Defendant NCL and Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES, shared a common purpose: to operate the subject Molokini Zodiac Turtle Snorkel excursion for a profit.

155.    At all times material hereto, Defendant NCL and Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES had a joint proprietary and/or ownership interest in the subject Molokini Zodiac Turtle Snorkel excursion. Defendant NCL had an interest in arranging, sponsoring, recommending, advertising, operating, and selling the subject Molokini Zodiac Turtle Snorkel excursion as well as collecting money for such excursion, and Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES had a proprietary interest in the time and labor expended in operating the subject Molokini Zodiac Turtle Snorkel excursion.

156.    At all times material hereto, Defendant NCL and Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES, shared all losses sustained from the joint venture.

157.    Defendant NCL and Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES are jointly and severally liable for the negligence of the other as partners of the partnership and/or joint venture.

158.    At all times material hereto, Defendant NCL and Defendants AKUA LLC d/b/a MAUI REEF ADVENTURES therefore:

a.      Had an intention to create a joint venture; and/or

b.      Had a joint proprietary interest in the subject matter of the venture; and/or

c.      Had mutual control and/or joint control over the subject matter of the venture with respect to the provision of excursions to passengers aboard the ship; and/or

d.      Had a right to share in the profits of the joint venture; and/or

e.      Would share losses which may have been sustained.

159.    As joint venturers, Defendant NCL and Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES are liable for each other's negligence. As a result, Defendant NCL is liable for the negligent conduct of Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES .

160.    As a direct and proximate result of the negligence of Defendants, Linda Smith drowned.

161.    Linda Smith was 71 years old on the date of this death.   Immediately prior to her death, she was an adult person in good physical and mental health and condition, and was a loving and supportive wife and mother.   As a direct, proximate and legal result of Decedent's death by drowning, VERNON C. SMITH, individually, and the other beneficiaries of this action, have suffered the permanent loss of Decedent's care, comfort, services, guidance, advice, support, love, affection, devotion, society, and consortium.

WHEREFORE, Plaintiffs demand judgment for all damages recoverable under the law

against Defendant NCL and Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES and the Plaintiffs demand trial by Jury.

## COUNT XIII
## THIRD PARTY BENEFICIARY

Plaintiffs re-allege, adopt, and incorporate by reference the allegations in Paragraphs 1 through 37 as though fully and alleged herein.

162. At all times material hereto, Defendant NCL advertised to passengers, including Plaintiffs, that one of the reasons that its passengers, including Plaintiff, should book shore excursions through Defendant NCL is because Defendant NCL contracts with reputable and insured shore excursion operators.

163. Defendant NCL and Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES, entered into a contract to provide shore excursions for passengers on board Defendant NCL's ship(s) to which Plaintiff was not a party.

164. The contract between Defendant NCL and Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES manifests the specific and express intent of the contracting parties that the contract primarily and directly benefit Defendant NCL's passengers, including Plaintiffs, with legally enforceable rights as third parties under said contract by requiring, among other things, Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES, to maintain insurance, subject itself to the jurisdiction of Florida courts, and/or to exercise reasonable care in the operation of the subject Molokini Crater Snorkeling Paradise excursion and relative to Defendant NCL's passengers, including Plaintiffs.

165. This contract was breached by both Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES and Defendant NCL as a result of acts and/or omissions that include, but are not limited to, the following:

46

a.    Failure to provide a safe shore excursion as described above; and/or

b.    Failure to properly vet the shore excursion operator; and/or

c.    Failure to properly select the shore excursion operator; and/or

d.    Failure to adequately monitor shore excursion operators so as to ensure that the shore excursions were reasonably safe for passengers, including Plaintiff, which included making sure that the instructors on said excursion were competent and competently trained; and/or

e.    Failure to properly supervise and oversee the shore excursion including Plaintiffs which include making sure that the crew and/or instructors on said excursion were competent and competently trained and that there were appropriate safety instructions for individuals on this excursion to include the proper use of the floatation device and mask, snorkel, fins; and/or

f.    Failure to adequately warn Plaintiff of the dangers of participating in the subject Molokini Crater Snorkeling Paradise excursion; and/or

g.    Failure to adequately determine physical limitations which should be associated with the subject Molokini Crater Snorkeling Paradise excursion and in particular if not within the Molokini Crater itself; and/or

h.    Failure to adequately communicate physical limitations which are and/or should be associated with the Molokini Crater Snorkeling Paradise excursion and in particular if not within the Molokini Crater itself; and/or

i.    Failure to ensure that the Molokini Crater Snorkeling Paradise excursion, provided instructions on the proper use of floatation device, mask, snorkel, and fins ensure they were properly worn; and or

j.     Failure to ensure that properly trained and supervised individuals operated the subject Molokini Crater Snorkeling Paradise excursion as described above; and/or

k.     Operating a shore excursion which was not competently operated as described above; and/or

l.     Failure to provide a shore excursion with properly trained operators and personnel and making sure that said individuals were competent; and/or

m.     Failure to require the shore excursion operator to actively monitor passengers and Plaintiffs during the subject Molokini Crater Snorkeling Paradise excursion; and/or

n.     Failure to adequately ascertain the shore excursion operator's ability and/or commitment to actively monitor passengers during the subject Molokini Crater Snorkeling Paradise excursion; and/or

o.     Failure to warn Plaintiffs of the shore excursion operator's inability and/or unwillingness to actively monitor passengers during the subject Molokini Crater Snorkeling Paradise excursion; and/or

p.     Failure to warn Plaintiffs of the dangers associated with the shore excursion not actively monitoring passengers during the subject Molokini Crater Snorkeling Paradise excursion; and/or

q.     Failure to ascertain the dangers, restrictions, and/or warnings regarding safety concerns for passengers purchasing and participating in the subject Molokini Crater Snorkeling Paradise excursion; and/or

r.     Failure to warn Plaintiffs of the dangers, restrictions, and/or warnings regarding

safety concerns for passengers purchasing and participating in the subject Molokini Crater Snorkeling Paradise excursion; and/or

s.     Failure to adequately ascertain the level of activity and/or danger the subject Molokini Crater Snorkeling Paradise excursion posed to passengers, especially not within the Molokini Crater; and/or

t.     Failure to fairly and/or adequately communicate the level of activity and/or danger the subject Molokini Crater Snorkeling Paradise excursion posed to passengers; and/or

u.     Failure to provide adequate shore excursion guides to adequately protect Plaintiff and other passengers from dangers in the area of the subject Molokini Crater Snorkeling Paradise excursion; and/or

v.     Failure to provide prompt, proper, or adequate first aid to the Plaintiff; and/or

w.     Failure to assist the Plaintiff to obtain adequate medical care on a timely basis.

166.    As a direct and proximate result of the breach of contract by Defendant NCL and Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES, Linda Smith drowned.

167.    Linda Smith was 71 years old on the date of this death.   Immediately prior to her death, she was an adult person in good physical and mental health and condition, and was a loving and supportive wife and mother.   As a direct, proximate and legal result of Decedent's death by drowning, VERNON C. SMITH, individually, and the other beneficiaries of this action, have suffered the permanent loss of Decedent's care, comfort, services, guidance, advice, support, love, affection, devotion, society, and consortium.

WHEREFORE, Plaintiffs demand judgment for all damages recoverable under the law against Defendant NCL and Defendant AKUA LLC d/b/a MAUI REEF ADVENTURES and the

Plaintiffs demand a jury trial.

## **REQUEST FOR JURY TRIAL**

The Plaintiffs demands a jury trial on Counts. As to those issues that are not triable by a jury, the Plaintiffs respectfully requests a jury trial under Rule 39 of the Federal Rules of Civil Procedure.

Dated: October 25, 2019                    Respectfully submitted,

David W. Singer (Florida Bar No. 306215)
Peter G. Walsh (Florida Bar No. 970417)
dsingeresq@aol.com
pwalsh@1800askfree.com
David W. Singer & Associates, PA
1011 South Federal Highway
Hollywood, FL   33020
954-920-1571
Attorneys for the Plaintiffs