UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 19-cv-24411-BLOOM/Louis

VERNON C. SMITH, individually, and
VERNON EUGENE SMITH, as Executor
of the Estate of Linda L. Smith, deceased,

    Plaintiffs,

v.

NCL (BAHAMAS) LTD., NCL
AMERICA LLC d/b/a NCL AMERICA,
and AKUA LLC d/b/a MAUI REEF
ADVENTURES,

    Defendants.
_____/

**DEFENDANT, AKUA LLC d/b/a MAUI REEF ADVENTURES' REPLY TO THE PLAINTIFFS' RESPONSE IN OPPOSITION TO AKUA'S MOTION TO DISMISS THE PLAINTIFFS' DECEMBER 26, 2019 FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION; IN THE ALTERNATIVE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

COMES NOW the Defendant, AKUA LLC d/b/a MAUI REEF ADVENTURES ("AKUA"), by and through its undersigned counsel and hereby files its Reply to the Plaintiffs' Response in Opposition to AKUA's Motion to Dismiss the Plaintiffs' December 26, 2019 First Amended Complaint, *et al.*, and further states the following:

**REPLY**

**I.   Introduction and Summary of the Argument**

AKUA has met its requisite burden of establishing why SMITH's First Amended Complaint must be dismissed for lack of specific and general personal jurisdiction. (D.E. 38, 38-1). SMITH has not provided any evidence to contradict the statements contained in Ariel Ferrer's Declaration filed in support of AKUA's Motion to Dismiss.

In his Response, SMITH argues the application of jurisdictional statutes which were not alleged in his First Amended Complaint. (D.E. 50, pp. 3-4). Moreover, SMITH cites to inapposite and pre-*Daimler* case law in support of his argument that specific and general jurisdiction exists over AKUA. (D.E., 50, pp. 4-5, 11-12). In so doing, SMITH fails to address, discuss and/or distinguish any of the case law cited by AKUA where complaints filed against foreign tour operators were dismissed for lack of specific and general personal jurisdiction. (D.E. 38). Accordingly, AKUA's Motion to Dismiss for Lack of Specific and General Jurisdiction must be granted.

## I. SMITH's First Amended Complaint Against AKUA Must Be Dismissed for Lack of Specific and General Personal Jurisdiction

### 1. Specific Personal Jurisdiction Does Not Exist Over AKUA

#### a. The "Connexity" Requirement Has Not Been Met

Florida's long-arm statute is strictly construed and SMITH has the burden of proving facts which clearly justify the exercise of personal jurisdiction over AKUA. *Oriental Imports And Exports, Inc. v. Maduro & Curierl's Bank, N.V.*, 701 F.2d 889, 891 (11th Cir. 1983). In order to obtain specific personal jurisdiction over AKUA, SMITH must establish a nexus ("connexity") between his claims and any acts and/or omissions of AKUA in the State of Florida. *Wolf v. Celebrity Cruises, Inc.*, 683 Fed. Appx. 786 *8 (11th Cir. 2017); *Fraser v. Smith*, 594 F.3d 842, 850 (11th Cir. 2010); *Brown v. Carnival Corp.*, 202 F. Supp. 3d 1332, 1343 (S.D. Fla. 2016); *Zapata v. Royal Caribbean Cruises, Ltd.*, 2013 WL 1100028 at *3 (S.D. Fla. 2013); *Bloom v. A.H. Pond Co., Inc.*, 519 F.Supp. 1162, 1168 (S.D. Fla. 1981); *Turizo v. Jiffy Lube Int'l, Inc.*, 2019 U.S. Dist. LEXIS 166100 *4 (S.D. Fla. Sept. 27, 2019, Bloom) and *Neelu Aviation, LLC v. Boca Aircraft Maintenance, L.L.C.*, 2019 U.S. Dist. LEXIS 129454 *11 (S.D. Fla. Aug. 2, 2019,

Bloom).

The subject incident allegedly occurred in and/or off the coast of Hawaii. (D.E. 24, ¶28). Alex Ferrier's unrebutted Declaration establishes that AKUA has no presence in the State of Florida that would justify the exercise of specific personal jurisdiction over it. (D.E. 38-1). SMITH has not provided any evidence and/or argument in response to AKUA's argument that the requisite "connexity" and/or nexus does not exist in this case.[1] Accordingly, specific personal jurisdiction cannot be exercised over AKUA due to the lack of "connexity" between SMITH's claims herein and any acts and/or omissions by AKUA within the State of Florida. *Id.*, *See also*, *Serra-Cruz v. Carnival Corp.*, 400 F.Supp. 3d 1354 (S.D. Fla. 2019) ("[p]laintiff has failed to allege any nexus between the alleged tort and WIPAD's alleged activities").

### b. Florida Statutes §685.101 and §685.102 Cannot Be Utilized To Establish Specific Personal Jurisdiction Over AKUA

SMITH argues that specific personal jurisdiction exists over AKUA pursuant to Florida Statutes §48.193(a)(a)(9); §685.101 and §685.102. (D.E. 50, pp. 3-4). SMITH did not plead these statutes in his Second Amended Complaint as a basis to obtain specific personal jurisdiction over AKUA. (D.E. 24).[2] Accordingly, SMITH's argument that specific personal jurisdiction exists over AKUA pursuant to these statutes should

---

[1] Since SMITH has not offered any competent evidence in opposition to Ariel Ferrer's Declaration (D.E. 38-1), AKUA's unrebutted denials negate the jurisdictional allegations contained in SMITH's First Amended Complaint. *Zapata*, 2013 U.S. Dist. LEXIS 36030 at *6 ("[w]hen a plaintiff proffers no competent evidence to establish jurisdiction in opposition to the denials of the jurisdictional allegations contained in the defendant's affidavit, a district court may find that the defendant's unrebutted denials sufficient to negate the plaintiff's jurisdictional allegations").

[2] SMITH's First Amended Complaint does allege that AKUA entered into "*a series of agreements*" where it agreed "…*to submit itself to the laws and jurisdiction of the State of Florida, consented to personal jurisdiction over itself and consented to venue of the federal court of the Southern District of Florida.*" (D.E. 24, ¶15). In its Motion to Dismiss, AKUA cited to existing cases in this Circuit and District which hold that the presence of a conferral of jurisdiction clause in a tour operator agreement is not a jurisdictionally significant fact in the personal jurisdiction analysis. (D.E. 38, pp. 7-8, 12-17). However, SMITH did not provide any argument in response to AKUA's citation to these well-established cases.

3

not be considered by this Honorable Court since these statutes were not pled in the Plaintiffs' First Amended Complaint.  Even if this Honorable Court were to consider SMITH's argument regarding these statutes, however, they cannot be used to establish specific personal jurisdiction over AKUA as a matter of law.

SMITH has neither pled nor submitted any evidence establishing that Florida Statutes §685.101 and §685.102 are applicable to this case and/or that they provide a basis to obtain specific personal jurisdiction over AKUA. (D.E. 24; D.E. 50).  Florida Statute §685.101 applies only to "*the parties to a contract, agreement or undertaking*…" Florida Statute §685.102 applies only to an action or proceeding that "*arises out of or relates to any contract, agreement or undertaking…*"[3]  Accordingly, these two statutes cannot be utilized in order to obtain specific personal jurisdiction over AKUA as a matter of law.

### i. By its Own Wording, Florida Statute §685.101 Cannot Be Utilized To Establish Specific Personal Jurisdiction Over AKUA As a Matter of Law

It is undisputed that SMITH is not a party/signatory to the Excursion Agreement and, therefore, cannot invoke the application Florida Statute §685.101 in order to obtain

---

[3] Florida Statute §685.101 also requires proof of the existence of a contract "*relating to any obligation arising out of a transaction involving in the aggregate not less than $250,000…*" In support of the existence of this element of the statute, SMITH argues that: "*…(3) PRIDE OF AMERICA has been sailing in Hawaii since 2005 and is estimated to do at least fifty (50) 7-day cruises each year and it calls at Kahului, Maui during each cruise.*"  (D.E 50, p. 4).  This unsupported argument does not establish that AKUA has earned more than $250,000 in connection with the subject snorkel tour.  Thus, even if Florida Statute §685.101 could be considered in the instant analysis (which AKUA denies for the reasons set forth in this Reply), SMITH has not provided any facts to show that it can be applied to AKUA herein. This fact, alone, requires the dismissal of SMITH's First Amended Complaint against AKUA for lack of specific personal jurisdiction. Additionally, AKUA notes that Florida Statutes §685.101 and §685.102 cannot be applied to AKUA as same would not be "*permitted under the United States Constitution*" per the due process arguments raised by AKUA in its original Motion to Dismiss, as well as this Reply.

pecific personal jurisdiction over AKUA. (D.E. 38-1).[4] It is also undisputed that SMITH is not a third-party beneficiary to the Excursion Agreement as a matter of law. (D.E. 38, pp. 22-24).[5] Accordingly, by its own wording, Florida Statute §685.101 (which must be strictly construed under Florida law) cannot be utilized to establish specific personal jurisdiction over AKUA since SMITH is neither a signatory to nor a third-party beneficiary of the Excursion Agreement as a matter of law. *Id.* Therefore, specific personal jurisdiction cannot be exercised over AKUA pursuant to Florida Statute §685.101. *Id.*

> **ii. By its Own Wording, Florida Statute §685.102 Cannot Be Utilized To Establish Specific Personal Jurisdiction Over AKUA As A Matter Of Law**

It is undisputed that SMITH's claims against AKUA do not arise out of the Excursion Agreement as a matter of law—rather, SMITH's claims arise out of an alleged incident that occurred in and/or near Hawaii. (D.E. 24, ¶28); *See, also, Wolf*, 683 Fed. Appx. *8 ("Because the alleged tortious activity occurred outside of Florida, and there is no connexity between the Agreement and Mr. Wolf's cause of action, the district court did not err in determining it lacked specific personal jurisdiction over OCT"); *Brown*, 202

---

[4]*See, also, Schuster v. Carnival Corp.*, 2011 U.S. Dist. LEXIS 126455 at *17 (S.D. Fla. Feb. 3, 2011):

> While interesting, [the *Jetbroadband* decision] does not help Plaintiff because there was no contract between Dickson and Schuster. If these two parties did not enter into a *contractual* relationship with each other, they could not contractually confer personal jurisdiction on a court in Florida. Before the court even reached the five factors in *Jetbroadband*, it required a "contract, agreement or undertaking."

[5]SMITH argues that paragraph 27 of the Excursion Agreement disclaiming third-party beneficiary status (D.E. 38-1, ¶27) is a "*self-serving clause.*" (D.E. 50, pp. 4, 18). Despite SMITH's characterization of paragraph 27 of the Excursion Agreement, same, nonetheless, precludes SMITH from being considered a third-party beneficiary of the Excursion Agreement a matter of law. *Wolf*, 683 Fed. Appx. 786 *8 ("Mr. Wolf's claim for breach of contract based upon a third-party beneficiary theory fails because the language of the Agreement expressly belies any intent to benefit a third party"); *Serra-Cruz*, 400 F.Supp. 3d at 1361; *Kreyer v. Carnival Corp.*, 2019 U.S. Dist. LEXIS 223736 (S.D. Fla. Dec. 19, 2019) and *Zhang v. Royal Caribbean Cruises*, 2019 U.S. Dist. LEXIS 199363 (S.D. Fla. Nov. 14, 2019). Moreover, SMITH did not present any evidence to rebut the statements in Ariel Ferrer's Declaration that SMITH is not a third-party beneficiary of the Excursion Agreement. (D.E. 38-1, ¶¶37-38).

F.Supp. 3d 1332, 1334 (S.D. Fla. 2016) ("Similarly, in this case, Plaintiff's claims do not arise from a contract; rather, Plaintiff's claims arise from an injury that occurred while she was on an off-shore excursion in Aruba"); *Carmouche v. Carnival Corp.*, 36 F.Supp. 3d 1335, 1341 ("Further, Plaintiff's negligence claim does not bear any relationship to the contract, as alleged, in which the Excursion Entities agreed to subject themselves to this Court's jurisdiction"), *aff'd* at 789 F.3d 1201 (11th Cir. 2015) and *Lapidus v. NCL Am. LLC*, 2013 WL 646185 *3 (S.D. Fla. Feb. 14, 2013) ("Further, Plaintiff's negligence claim does not bear any relationship to the contract, as alleged, in which the Excursion Entities agreed to subject themselves to this Court's jurisdiction…Thus, the contract is an insufficient basis to confer jurisdiction"). Accordingly, by its own wording, Florida Statute §685.102 (which must be strictly construed under Florida law) cannot be utilized to establish specific personal jurisdiction over AKUA since SMITH's claims do not arise out of the Excursion Agreement. *Id.* Therefore, specific personal jurisdiction cannot be exercised over AKUA pursuant to Florida Statute §685.102. *Id.*

    **iii.** **The Applicable Case Law in this District Does not Support SMITH's Argument that Florida Statutes §685.101 and §685.102 Can Be Utilized to Establish Specific Personal Jurisdiction Over AKUA**

In *Serra-Cruz v. Carnival Corp.*, 400 F.Supp. 3d 1354, the plaintiff presented the same argument that SMITH now presents in his attempt to obtain specific personal jurisdiction over AKUA. Judge Ungaro did not follow the cases of *Steffan v. Carnival Corp.*, 2017 U.S. Dist. LEXIS 161790 (S.D. Fla. Aug. 1, 2017) or *Lienemann v. Cruise Ship Excursions, Inc.*, 349 F.Supp. 3d 1269 (S.D. Fla. 2018) upon which SMITH now relies. (D.E. 50, pp. 3-4). Rather, Judge Ungaro followed Judge Cooke's decision in *Evesson v. Carnival Corp., et al.*, No. 17-cv-23474-MGC, D.E. 41 (S.D. Fla. June 20, 2018). More particularly, Judge Ugaro held the following:

6

The Court agrees with Judge Cooke in *Evesson v. Carnival Corp. et al.*, No. 17-cv-23474-MGC, D.E. 41, 45 (S.D. Fla. June 20, 2018) (hearing on motion to dismiss for lack of personal jurisdiction): Plaintiff's use of <u>subsection (1)(a)(9)</u> through a third-party beneficiary claim is an attempted "back door way through the contract" to establish jurisdiction over a foreign defendant in a personal injury case. D.E. 45 at 3. The material provisions of the agreement in *Evesson* are identical to those here. *See id.* D.E. 15-2 ¶¶ 12, 14(c). Judge Cooke found that the plaintiff was not part of the agreement between the excursion operator and the cruise line and therefore could not enforce the consent to jurisdiction clause, stating:

> What I think [the] contract does is define the relationship between the operator and the cruise line and that **[**15]** the passenger is not a third-party beneficiary of that contract. So I don't find that the clause confers any jurisdiction such that it would be that [the excursion operator] has waived its right to contest jurisdiction in this litigation or . . . that plaintiff can enforce the contract against it as a third-party beneficiary. Most courts have found that this clause is not so broad as to constitute a blanket waiver, and I agree.[6]

D.E. 45 at 32-33. Indeed, courts have held that excursion contractor agreements similar to the Agreement here do not confer third-party beneficiary status upon plaintiff-guests. *See, e.g.,* <u>Thompson v. Carnival Corp., 174 F. Supp. 3d 1327, 1344 (S.D. Fla. 2016)</u>; <u>Aronson, 30 F. Supp. 3d 1379 at 1398</u>.[7]

Although AKUA referenced the cases of *Serra-Cruz*, *Kreyer* and *Zhang* it its Motion to Dismiss (D.E. 38, note 4), SMITH did not address and/or attempt to distinguish these relevant and significant cases in his Response. (D.E. 50).  Rather, SMITH argued that personal jurisdiction is proper over AKUA pursuant to *Steffan* and *Lienemann*.  (D.E. 50, pp. 4-5).  These cases are readily distinguishable and do not support the exercise of personal jurisdiction over AKUA in this case.

---

[6]*See*, pp. 32-33 of the transcript from the June 7, 2018 proccedings in *Evesson* where Judge Cooke held that the tour operator agreememnt in issue did not confer third-party beneficiary status upon the plaintiff attached hereto as Exhibit "1."

[7]*See, also, Kreyer*, 2019 U.S. Dist. LEXIS 223736 at *3 (S.D. Fla. Dec. 18, 2019) ("Because the arguments presented here are substantively identical to those presented in Serra-Cruz and Evesson, the Court finds it appropriate to adopt the reasoning and holdings in Serra-Cruz and Evesson, which both found that the plaintiffs had failed to establish the Court's specific personal jurisdiction over a foreign-excursion company defendant") and *Zhang*, 2019 U.S. Dist. LEXIS 199362 at *8 (plaintiff could not establish personal jurisdiction over foreign tour operator pursuant to Florida Statute 48.193(1)(a)(9) since he was not a third-party beneficiary to the excursion agreement between the tour operator and RCCL).

In *Steffan*, 2017 U.S. Dist. LEXIS 161790, Chukka Caribbean Adventures (TCI), Ltd., a Turks and Caicos company ("Chukka"), was sued in connection with an accident arising out of a shore excursion provided in the Turks and Caicos Islands. *Id.* at *2. Chukka moved to dismiss the plaintiff's amended complaint for lack of personal jurisdiction. *Id.* at *3. *After* the briefing was closed and *after* oral argument was held on the issues which were briefed, the plaintiff filed his notice of supplemental authority and, for the first time, raised the argument that personal jurisdiction existed over Chukka pursuant to Florida Statutes §685.101 and §685.102. *Id.* at *1.

Judge Altonaga ultimately held that personal jurisdiction was proper over Chukka pursuant to Florida Statutes §685.101 and §685.102. *Steffan*, 2017 WL 4182203 *6. Judge Altonaga's decision was based upon Chukka's failure to respond to the plaintiff's Notice of Supplemental Authority and its failure to contest the plaintiff's claim that he was a third-party beneficiary to the shore excursion agreement between Chukka and Carnival. *Id.* at *7.[8]

Unlike the defendant in *Steffan*, AKUA has "contested" SMITH's status as a third-party beneficiary to the Shore Excursion Agreement. (D.E. 38. Footnote 4 and pp. 22-25). Indeed, AKUA has argued that the terms and conditions of the Excursion Agreement (including, but not limited to, paragraph 27) expressly prevent SMITH from being considered a third-party beneficiary of the Excursion Agreement. *Id.* Moreover,

---

[8] On August 11, 2017, Chukka filed its Motion for Reconsideration and/or Rehearing of Judge Altonaga's Order on its Motion to Dismiss since it never had the procedural opportunity to argue that Florida Statutes §685.101 and §685.102 were inapplicable since they were raised, for the first time, in the plaintiff's Notice of Supplemental Authority. (See Chukka's Motion for Rehearing attached hereto as Exhibit "2"). The *Steffan* case settled at mediation while Chukka's Motion for Reconsideration was pending. Nonetheless, Chukka's Motion for Reconsideration is illustrative as to why *Steffan* is an anomaly and cannot be used as authority to establish specific personal jurisdiction over AKUA. Moreover, AKUA notes that the very arguments presented in Chukka's Motion for Reconsideration as to why personal jurisdiction could not be obtained through the application of Florida statutes §685.101 and §685.102 served as the basis for Judge Ungaro's ruling in *Serra-Cruz* that personal jurisdiction could not be exercised under these statutes. *Serra-Cruz*, 400 F.Supp. 3d at pp. 1361-1363.

*Steffan* did not involve an NCL excursion agreement containing the terms and conditions which the Excursion Agreement in this case has. Therefore, *Steffan*, which should be limited on its procedural facts, is inapposite to the issues raised by AKUA in its Motion to Dismiss. Since *Lienemann* simply followed *Steffan*, it is, also, does not serve as proper authority upon which to base specific personal jurisdiction over AKUA in this case.

    **c.    SMITH's Allegation that AKUA Agreed to Indemnify NCL Is Insufficient to Establish Specific Personal Jurisdiction Over AKUA as a Matter of Law**

SMITH argues that: *"Paragraph 14 of the "Standard Shore Excursion Agreement" squarely implicates Defendant AKUA in "[c]ontracting to insure a person, property, or risk located within this state at the time of contracting" pursuant to Fla.Stat. §48.193(1)(a)(4)."* (D.E. 50, p. 7). SMITH, however, fails to address the cases cited by AKUA holding that the insuring/indemnity provision of the Excursion Agreement cannot be used to establish personal jurisdiction over AKUA. (D.E. 38, p. 9). Accordingly, specific personal jurisdiction cannot be exercised over AKUA pursuant to §48.193(1)(a)(4) as a matter of law. *Id*.

    **d.    AKUA Lacks the Requisite Minimum Contacts with the State of Florida**

SMITH did not address AKUA's minimum contacts argument in his Response other than to state that: "*Plaintiff submits that a "due process analysis" is unnecessary.*" (D.E. 50, p. 6). To the extent that SMTH has established that any portion of Florida's specific jurisdiction statute has been triggered (which AKUA denies), then AKUA would re-adopt the argument in its Motion to Dismiss that AKUA does not have sufficient minimum contacts with the State of Florida which would allow this Honorable Court to

9

properly and fairly exercise specific personal jurisdiction over it. (D.E. 38, pp. 9-10). Indeed, the unrebutted Declaration of Ariel Ferrer clearly demonstrates that AKUA does not possess the requisite minimum contacts in the State of Florida. (D.E. 38-1).

### 3. General Personal Jurisdiction Does Not Exist Over AKUA

Citing to pre-*Daimler* case law, SMITH argues that general personal jurisdiction exists over AKUA pursuant to agency principles: *"[t]hus, under Meir and Stubbs, the activities of Defendant NCL may be imputed to Defendant AKUA by virtue of this agency relationship."* (D.E. 50, pp. 11-12). SMITH's argument is not supported by either the facts or the law.

AKUA has submitted competent evidence to establish that there is no agency relationship between AKUA and NCL. (D.E. 38-1, ¶30; D.E. 38-1, Exhibit "A", ¶2). SMITH has not furnished any evidence to rebut Alex Ferrer's Declaration and/or to establish the existence of the alleged agency between NCL and AKUA. (D.E. 50). Therefore, SMITH has not met his requisite burden in rebutting Alex Ferrer's denials on the issue of agency and/or establishing facts which establish personal jurisdiction over AKUA. *Zapata*, 203 U.S. Dist. LEXIS 36030 at *6.

Assuming, *arguendo*, that agency were an issue in this case, general personal jurisdiction cannot be obtained over AKUA pursuant to an agency theory as a matter of law. In *Thompson v. Carnival Corp.*, 174 F.Supp. 3d 1327, 1336 (S.D. Fla. 2016), the following was stated regarding the plaintiff's attempt to obtain general personal jurisdiction through an agency theory:

> Specifically, Thompson relies on the Eleventh Circuit's decision [**14] in *Stubbs* to argue that Carnival's extensive Florida contacts can be imputed to the Excursion Entities by virtue of their agency relationship. *Stubbs, 447 F.3d at 1361*. This is a tendentious gloss on precedent that has been previously rejected by another court in this District. In *Lapidus*, Judge

Seitz held that plaintiff's argument for specific jurisdiction was unfounded because,

> Plaintiff's assertion that the Excursion Entities' role as NCL's subsidiary establishes jurisdiction over the Excursion Entities misinterprets *Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino, 447 F.3d 1357 (11th Cir. 2006)* and *Mei[e]r v. Sun Int'l Hotels, Ltd., 288 F.3d 1264 (11th Cir. 2002)*. In those cases, the Eleventh Circuit held that a Florida subsidiary acting merely as an agent of a non-resident parent company can subject the non-resident parent company to the Court's jurisdiction based on the subsidiary's contacts with Florida. By contrast here, Plaintiff seeks to subject the non-resident subsidiary [Excursion Entities] to jurisdiction based on the parent company's [NCL] contacts with Florida.

*Lapidus v. NCL Am. LLC, No. 12-21183-CIV, 2013 U.S. Dist. LEXIS 23531, 2013 WL 646185, at \*5 (S.D. Fla. Feb. 14, 2013)*. Moreover, reliance on this line of cases to establish general jurisdiction on an agency theory is dubious given the decisions in *Daimler* and *Goodyear*. *Daimler, 134 S. Ct. at 760* (rejecting Ninth Circuit's agency theory, finding that it "appears to subject foreign corporations to general **[\*\*15]** jurisdiction whenever they have an in-state subsidiary or affiliate, an outcome that would sweep beyond even the 'sprawling view of general jurisdiction' . . . rejected in *Goodyear*") (quoting *Goodyear, 131 S. Ct. at 2856*); *see also Daimler, 134 S. Ct. at 773* (Sotomayor, J., concurring in judgment) (questioning the vitality of *Meier* in wake of majority decision); *Twinstar Partners, LLC v. Diamond Aircraft Indus., Inc., No. 11-61684-CIV, 2014 U.S. Dist. LEXIS 114309, 2014 WL 4102260, at \*5 (S.D. Fla. Aug. 18, 2014)* (reasoning that the relationship between a Florida-based corporation and a foreign corporation for which the Florida entity allegedly served as a "sales conduit" was not "sufficient in light of *Daimler* and *Goodyear* to establish general jurisdiction on an agency theory").[9]

SMITH has not proffered any evidence to contradict Ariel Ferrer's Declaration establishing that AKUA is not "at home" in the State of Florida. Moreover, SMITH's allegations against AKUA do not remotely come close to being the type of "exceptional case" where a foreign corporation would be deemed to be "at home" for purposes of general personal jurisdiction. *Carmouche v. Tamborlee Management, Inc.*, 789 F.3d

---

[9] *See, also, McCullough v. Royal Caribbean Cruises*, 2017 U.S. Dist LEXIS 113876 at \*8 (S.D. Fla. July 21, 2017) (expressly rejecting agency general personal jurisdiction under *Stubbs* and *Meier* holding that "*Daimler* is the law of the land when it comes to general personal jurisdiction").

11

1201, 1205 (11th Cir. 2015) ("A foreign corporation cannot be subject to general jurisdiction in a forum unless the corporation's activities in the forum closely approximate the activities that ordinarily characterize a corporation's place of incorporation or principal place of business"). Lastly, SMITH neither addresses *Daimler* nor the various post-*Daimler* cases cited argued by AKUA which dismissed complaints against foreign tour operators for lack of general jurisdiction. (D.E 38, pp. 10-16). SMITH's First Amended Complaint against AKUA must, therefore, be dismissed for lack of general personal jurisdiction.

**III.   SMITH's First Amended Complaint Against AKUA Must Be Dismissed for Failure to State a Claim Upon Which Relief Can Be Granted**

For the reasons set forth in in AKUA's Motion to Dismiss, as well as this Reply, SMITH's First Amended Complaint must be dismissed for lack of specific and general personal jurisdiction. In the alternative, however, AKUA argues that SMITH's First Amended Complaint must be dismissed for failure to state a claim upon which relief can be granted.

**a.   SMITH's First Amended Complaint is an Impermissible Shotgun Pleading**

In his Opposition, SMITH does not address *Gutierrez v. Takeda Pharmaceuticals America, Inc.*, 2019 U.S. Dist. LEXIS 47917 (S.D. Fla. March 22, 2019) argued by AKUA in support of its position that SMITH's First Amended Complaint is a shotgun pleading. For the reasons and authority argued by AKUA in its Motion to Dismiss, SMITH's First Amended Complaint must be dismissed as it is, indeed, an impermissible shotgun pleading. (D.E. 38, p. 18)*.*

  **b.**  **SMITH Fails to State a Claim Upon Which Relief Can Be Granted Against AKUA in Count VI-Negligence**

SMITH does not address AKUA's argument that Count VI of SMITH's First Amended Complaint did not adequately plead causation. Accordingly, for the reasons and authorities cited in AKUA's Motion to Dismiss, Count VI of SMITH's First Amended Complaint must be dismissed. (D.E. 38, pp. 18-19).

  **c.**  **SMITH Fails to State a Claim Upon Which Relief Can Be Granted Against AKUA in Count VII-Intentional Failure to Warn**

SMITH does not address AKUA's argument that Count VII of SMITH's First Amended Complaint did not adequately plead causation. Accordingly, for the reasons and authorities cited in AKUA's Motion to Dismiss, Count VII of SMITH's First Amended Complaint must be dismissed. (D.E. 38, p. 19). Additionally, notwithstanding the cases cited in his Response, SMITH cannot state a claim against AKUA for punitive damages as a matter of law. (D.E. 38, pp. 19-20); *See*, *also*, *Dutra Group v. Batterton*, 139 S.Ct. 2275 (2019) and *Eslinger v. Celebrity Cruises, Inc.*, 772 Fed. Appx. 872 (11th Cir. June 28, 2019).

  **d.**  **SMITH Fails to State a Claim Upon Which Relief Can Be Granted Against AKUA in Count VIII-Wrongful Death Under General Maritime Law and Hawaii Wrongful Death Act**

  **e.**  **SMITH Fails to State a Claim Upon Which Relief Can Be Granted Against AKUA in Count IX-Wrongful Death Under General Maritime Law and Florida Wrongful Death Act**

  **f.**  **SMITH Fails to State a Claim Upon Which Relief Can Be Granted Against AKUA in Count X-Death on the High Seas Act**

For purposes of brevity and ease, AKUA re-adopts the argument set forth in its Motion to Dismiss Counts VIII, IX and X of SMITH's First Amended Complaint. (D.E. 38, pp. 20-21).

### g. SMITH Fails to State a Claim Upon Which Relief Can be Granted Against AKUA in Count XI-Agency by Estoppel

SMITH does not address AKUA's argument in its Motion to Dismiss that Count XI of his First Amended Complaint did not plead a claim against AKAU based upon agency principles since SMITH has not alleged that AKUA is allegedly liable for the acts and/or omissions of its agent. (D.E. 38, p. 21). Accordingly, for the reasons and authorities cited in AKUA's Motion to Dismiss, Count XI of SMITH's First Amended Complaint must be dismissed. *Id.*

### h. SMITH Fails to State a Claim Upon Which Relief Can Be Granted Against AKUA in Count XII-Joint Venture

SMITH does not address AKUA's argument that the terms and conditions of the Excursion Agreement preclude a claim for joint venture. (D.E. 38, p. 22). Moreover, SMITH does not address AKUA's reliance upon *Doria v. Royal Caribbean Cruises, Ltd.*, 393 F.Supp. 3d 1141 (S.D. Fla. 2019). Accordingly, for the reasons and authorities cited in AKUA's Motion to Dismiss, Count XII of SMITH's First Amended Complaint must be dismissed. *Id.*

### i. SMITH Fails to State a Claim Upon Which Relief Can Be Granted Against AKUA in Count XIII-Third-Party Beneficiary

SMITH argues that paragraph 27 of the Excursion Agreement that disclaims third-party beneficiary status is a "*self-serving clause.*" (D.E. 50, p. 18). This argument is an insufficient rebuttal to the law cited by AKUA that paragraph 27 of the Shore Excursion agreement precludes SMITH's third-party beneficiary claim as a matter of law. (D.E. 38, pp.22-24). Accordingly, for the reasons and authorities cited in AKUA's Motion to Dismiss, Count XIII of SMITH's Amended Complaint must be dismissed. *Id.*

**j.    SMITH's Claims for Loss of Consortium Must Be Dismissed**

SMITH does not address AKUA's argument that loss of consortium cannot be recovered under the general maritime law.  (D.E. 38, pp. 24-25).  Rather, SMITH argues that loss of consortium can be recovered under Florida's and Hawaii's wrongful death acts.  (D.E. 50, p. 1).  Accordingly, for the reasons and authorities cited in AKUA's Motion to Dismiss, SMITH's claim for loss of consortium must be dismissed from his First Amended Complaint.  (D.E. 38, pp. 24-25).

## **CONCLUSION**

For the foregoing reasons and authorities cited in AKUA's Motion to Dismiss, as well as the instant Reply, SMITH's FIRST Amended Complaint against AKUA must be dismissed for lack of specific and general personal jurisdiction.  Alternatively, for the foregoing reasons and authorities cited in AKUA's Motion to Dismiss, as well as the instant Reply, all Counts of SMITH's First Amended Complaint against AKUA must be dismissed for failure to state a claim upon which relief can be granted.

Respectfully submitted,

MARLOW, ADLER, ABRAMS
NEWMAN & LEWIS

BY: */s/ Bruce R. Marx*
    BRUCE R. MARX, ESQ.
    Florida Bar No. 0914177
    Email:  bmarx@marlowadler.com
    4000 Ponce de Leon Boulevard,
       Suite 570
    Coral Gables, Florida 33146
    Tel: (305) 446-0500
    Fax: (305) 446-3667

CASE NO. 19-cv-24411-BLOOM/Louis

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 24th day of February, 2020. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

By: /s/ *Bruce R. Marx*
BRUCE R. MARX, ESQ.

## Service List

David W. Singer, Esq.
dsingeresq@aol.com
Peter G. Walsh, Esq.
pwalsh@1800askfree.com
David W. Singer & Associates, PA
1011 South Federal Highway
Hollywood, FL 33020
Phone: 954-920-1571
*Attorneys for Plaintiffs*

Eduardo J. Hernandez
Ehernandez@ejh-law.com
Eduardo J. Hernandez, LLC
10691 N Kendall Drive, Suite 109
Miami, FL 33176
Phone: 305-567-0910
Fax: 786-454-8905
*Attorneys for Plaintiffs*

Jeffrey E. Foreman, Esq.
jforeman@fflegal.com
jmaganini@fflegal.com
Michael C. Gordon, Esq.
mgordon@fflegal.com
iortiz@fflegal.com
narguelles@fflegal.com
Samuel C. Gold, Esq.
sgold@fflegal.com
Foreman Friedman, PA
One Biscayne Tower, Suite 2300
2 South Biscayne Boulevard
Miami, FL 33131
Phone: 305-358-6555
Fax: 305-374-9077
*Attorneys for Defendant, NCL (Bahamas) Ltd. and Defendant NCL America LLC*